## COMMONWEALTH *vs.* WILLIAM LAWLESS.

A check payable to A.'s order, stolen from B.'s custody, may, under the Gen. Sts. *c.* 172, § 12, be properly described as A.'s property, in an indictment for the larceny, if B. held it only for transmission to A., without having, himself, any interest in it or right to retain it.

An instruction to the jury, in a criminal trial, "that the evidence is sufficient on which to convict of the charge," is not a charge with respect to matters of fact, within the Gen. Sts. *c.* 115, § 5; if it is given in response to a request of the defendant for a ruling "that the evidence does not sustain the charge," and may fairly be understood to apply only to the sufficiency in law of the evidence to sustain the indictment provided that the jury shall be satisfied with its weight.

On the trial of an indictment for larceny of "a certain paper writing, called and being a 'discharge' from the military service of the United States, of the value of one hundred dollars" of the property of J. S., evidence that J. S. had been a soldier in a regiment of Massachusetts volunteers, that the defendant stole the "discharge paper" of J. S., and that this "discharge paper" was "a discharge from the military service of the United States," is sufficient to warrant a finding that what the defendant stole was of some value, without the production of the paper or further evidence of its contents.

Evidence that a man, by falsely personating a discharged soldier with intent to steal his bounty money, received from an officer, by whom the bounty was payable, a discharge paper which was incident to and inseparable from the bounty, and converted it to his own use or deprived the owner of it, will warrant his conviction of larceny of that paper.

On the trial of an indictment for larceny, evidence is competent that the signature of a

---

*C. Allen*, Attorney General, for the Commonwealth.

BY THE COURT. The case cannot be distinguished from *Commonwealth* v. *Brown, ante*, 422. *Exceptions overruled*

receipt for the stolen goods, made by a person who, by falsely personating their owner and giving the receipt, obtained possession of them, is the handwriting of the defendant. If, on the trial of an indictment on the Gen. Sts. *c.* 161, § 18, for larceny of several articles worth together more than one hundred dollars, but each worth less than that sum, the jury return a general verdict of guilty under instructions which render it possible that they may have found the defendant guilty of larceny of one article only, this court, in disposing of the case under the Gen. Sts. *c.* 112, § 35, and *c.* 114, § 12, "as law and justice require," may affirm the verdict if the attorney for the Commonwealth shall move for judgment and sentence as upon conviction of larceny of property not exceeding one hundred dollars in value.

INDICTMENT for larceny of "a certain paper writing, called and being a 'discharge' from the military service of the United States, of the value of one hundred dollars; one 'discharge' paper of the value of one hundred dollars; one check of the denomination and value of one hundred dollars; one bank check of the denomination and value of one hundred dollars; one order for money of the denomination and value of one hundred dollars; one promissory note of the denomination and value of one hundred dollars; one draft of the denomination and value of one hundred dollars; of the property, goods and chattels of one George P. Gill." At the trial in the superior court, before *Lord*, J., the following evidence was introduced in behalf of the Commonwealth:

Frederick L. Cutting, a clerk in the office of the surgeon general of Massachusetts, testified that, on August 15, 1868, between eleven o'clock and noon, the defendant came to the office and asked for his bounty, and, being asked "Whose bounty?" said "Gill's," and, being further asked if he had no other name, said "George P.;" that he was then asked several questions, such as are usually put to such applicants, as to his age, place of birth, regiment, company and commander, all of which he answered; that he again asked for his bounty, and a check for the amount of George P. Gill's bounty and Gill's discharge paper were given to him in one package; that this check was drawn by the paymaster general of the United States army, at Washington, upon the assistant treasurer of the United States, at New York City, payable to the order of George P. Gill, and had never come into Gill's actual possession, but had been sent through the state agent of Massachusetts at Washington to the

surgeon general's office in Boston, and had remained there until this occasion; and that the discharge paper was Gill's property, and had been been left by him in the office when he applied for his bounty. On cross-examination, this witness testified that the defendant did not ask for the discharge paper, but that the witness gave him the check and discharge paper together, and that he took them both.

George P. Hawes testified that, on August 15, 1868, he saw the defendant at the station of the Old Colony Railroad in Boston, shortly before noon, and asked him where he had been, and the defendant replied that he had gone from Stoughton to Braintree that morning to hire a team, and then had come from Braintree to Boston.

George P. Gill testified that he lived in Stoughton, had served in the thirty-fifth regiment of Massachusetts Volunteers, and had a claim in the office of the surgeon general of Massachusetts for a bounty from the United States; that on August 14, 1868, the defendant was in the shop of the witness, and asked if the witness had got his bounty, and he answered that he had not got it, but had received notice that it was ready for him; that on August 15, about six o'clock in the morning, the defendant was in the shop again, and asked how much of a job the witness had that day, and he answered that he was going to make four pairs of boots; that he gave the defendant no authority to draw his bounty; and that the signature in a book produced from the surgeon general's office, to a receipt in his name for the check and discharge paper, was not written by him or by his authority.

The Commonwealth, against the defendant's objection, was then permitted to put in evidence the book containing the receipt, and introduce testimony tending to show that it was signed by the defendant with the name of George P. Gill, and to prove the defendant's handwriting by signatures made by him at the time of his arrest in the proceedings preliminary to this indictment. The Commonwealth also proved that " Gill had been reimbursed by the surgeon general."

The discharge paper was not produced at the trial, nor did it

appear what were its contents or what was its value, except that Gill and Cutting spoke of it as a discharge from the military service of the United States.

This was all the evidence introduced by the Commonwealth. The defendant offered no evidence, but requested the judge to rule as follows:

" 1. There is no evidence in this case from which the jury can infer that the check was the property of George P. Gill; and accordingly the defendant cannot be found guilty of larceny of the check.

" 2. There is no evidence that this check ever came to the possession of Gill; and accordingly, upon this indictment and evidence, the defendant cannot be found guilty of larceny of the check.

" 3. The evidence of the Commonwealth does not sustain the charge of the indictment.

" 4. There is no evidence upon which the defendant can be convicted of anything more than the larceny of the discharge paper; and there is no evidence of any value of that discharge paper.

" 5. The defendant cannot be convicted of larceny of the discharge paper; because it appears that this was given to him without any request or effort by him therefor."

" The judge declined to give any of these instructions, and instead thereof ruled, as to the first and second prayers, that, if it appeared that the check was in the custody of the surgeon general on a naked trust for the benefit of Gill, the property was rightly alleged to be in Gill, and that the mere fact of the possession not having come to Gill was immaterial; as to the third prayer, that the evidence was sufficient on which to convict of the charge in the indictment; as to the fourth prayer, that the Commonwealth need not offer direct evidence of the value of the discharge paper, but that the jury might, on the evidence, infer such value as they should find it to have; and he further instructed the jury that, if they should find the discharge paper to be of any value, they might return a general verdict of guilty, in case they found a larceny of that paper

although they should find the defendant not guilty of larceny of the check; but that, if they found the discharge paper to have no value, then they should state that fact.

" The jury did not find the discharge paper of no value. Upon this point, they were instructed that the paper was of no value unless the Commonwealth proved it to be of some value.

" As to the fifth prayer, the judge instructed the jury that, if the discharge was given to the defendant as an incident to the bounty for which he asked, and as a thing inseparable from it, they might convict of larceny of the discharge paper, even though the defendant had made no effort to obtain the discharge paper by itself."

The jury returned a general verdict of guilty; and the defendant alleged exceptions.

*G. C. Starkweather & H. N. Sheldon,* for the defendant. 1. Gill had no property in the check. There was no evidence on which it was competent for the jury to find that the surgeon general held it on a naked trust for Gill's benefit. *Rex* v. *Adams,* Russ. & Ry. 225. The loss incurred in respect to it fell not on Gill, but on the surgeon general.

2. The ruling " that the evidence was sufficient on which to convict of the charge in the indictment " was a charge with respect to a matter of fact, within the provision of the Gen. Sts. *c.* 115, § 5, that " the courts shall not charge juries with respect to matters of fact, but may state the testimony and the law."

3. The instruction as to the proof of value of the discharge paper, though abstractly correct, was not applicable to the testimony. There was nothing in evidence from which the jury could infer any value. The strongest case on the subject goes only to the length that a jury may infer from inspection that stolen property is of some value; but this paper was not produced, and there was no evidence of its contents. In *Commonwealth* v. *Burke,* 12 Allen, 182, the articles the value of which was in question were submitted to the inspection of the jury.

4. If the discharge paper was given to the defendant without his will, and taken by him without intention on his part feloni-

ously to convert it to his use, he did not commit larceny of it. The retention of it might have been embezzlement. The mere reception could not have been larceny. And there was no evidence that it " was given to him as an incident of the bounty for which he asked, and as a thing inseparable from it." Were this otherwise, still it may have been so given to him and yet he never have had any felonious intention of converting it. For this the verdict should be set aside. *State* v. *Somerville*, 21 Maine, 20.

5. Evidence of a forgery of Gill's signature should not have been admitted on an indictment merely for larceny of Gill's property. *State* v. *Williams*, 27 Verm. 724.

6. The instructions of the court, considered above under point 3, were especially material in their relation to the proof of value of the discharge paper, as they affected the punishment of the defendant on his conviction. Gen. Sts. *c*. 161, § 18. Under the whole instructions, the jury may have found him not guilty of larceny of the check, but guilty of larceny of the discharge paper, and that this was of a trifling value, say of the value of one cent only ; but upon the general verdict of guilty which was rendered, he stands convicted of larceny of property valued at $700 ; and the Commonwealth, if these exceptions shall be overruled, must insist that he shall be sentenced for larceny of property of greater value than $100 ; so that upon this record he may be sentenced for a crime of which the jury never intended to convict him. Nor can it be said that there was no evidence on which such a verdict could be found ; for the exceptions do not purport to give the testimony for the defence, and it must be presumed that the instruction by the judge concerning such a verdict rested upon some testimony. *Commonwealth* v. *Griffin*, 21 Pick. 523, 526.

*C. Allen*, Attorney General, for the Commonwealth.

WELLS, J. 1. If the jury found " that the check was in the custody of the surgeon general on a naked trust for the benefit of Gill," it was properly described as Gill's property. It was payable to his order. The surgeon general had no interest in it, and no right to retain it from Gill. It was in his hands only

for transmission. The beneficial interest, the right of posses-
sion, and constructive possession also, were in Gill. That is
sufficient. Gen. Sts. *c.* 172, § 12.

2. The ruling of the court, "that the evidence was sufficient
on which to convict of the charge in the indictment," must be
taken in connection with the third prayer for instructions, to
which it was in response. That prayer was for an instruction
that the evidence " does not sustain the charge of the indict-
ment." We understand the ruling of the court below to apply
to its sufficiency in law to sustain the indictment, if the jury
should be satisfied with its weight; and not as an instruction to
them upon the force which they should give to the testimony.
We must presume that the jury were rightly instructed as to
their province and their duty in regard to the finding of their
verdict upon the evidence.

3. The jury were rightly instructed as to the proof of value
of the discharge paper. It was an instrument of well known
character. Its name, and its description in the indictment and
by the evidence, sufficiently informed the jury what it was, and
enabled them to judge whether it was or might be of value to
the owner. *Commonwealth* v. *McKenney,* 9 Gray, 114. *Com-
monwealth* v. *Williams,* 9 Met. 273. *Commonwealth* v. *Riggs,*
14 Gray, 376. Its inspection would not have aided them.

4. The defendant, having obtained possession of the dis
charge paper by falsely personating the owner, and having con-
verted the same to his own use, or deprived the owner thereof,
by means of such fraudulent conduct, was properly held guilty
of larceny of that paper. The intent to convert to his own use
the bounty money of Gill, which was the inducement to his
crime, may well be held to extend to all the articles which he
obtained by the same means, although they were not themselves
the object for which he engaged in the undertaking. One who
steals a coat is guilty of stealing whatever may be in the pock-
ets of the coat, although he neither coveted the articles nor
knew them to be in the pockets. Under the instructions given
in this case, the jury must have found that the discharge paper
was an incident to the bounty and inseparable from it.

5. Evidence that the signature to the receipt for the articles was in the handwriting of the defendant was competent to identify him as the person who had falsely personated Gill and obtained the articles. It is no objection to its admissibility for this purpose, that it also proved him to be guilty of another punishable offence. *Commonwealth* v. *Riggs,* 14 Gray, 376.

6. The principal difficulty in this case arises upon the instruction to the jury that " if they should find the discharge paper to be of any value they might return a general verdict of guilty, in case they found a larceny of that paper, although they should find the defendant not guilty of larceny of the check." A verdict rendered upon this instruction, to wit, for larceny of the discharge paper alone, it not being alleged to exceed the value of one hundred dollars, would be for the lesser offence set forth in Gen. Sts. *c.* 161, § 18, and punishable by the lesser penalty; whereas a general verdict would subject the party to the higher penalty therein prescribed. We are unable to see how the jury could find the defendant guilty of larceny of the discharge paper and at the same time find him not guilty of larceny of the check; and if found guilty of both, as there could be no doubt that the check was, by itself, of the value of one hundred dollars, the verdict would be right as a verdict of guilty of larceny of property exceeding the value of one hundred dollars. But, upon the instruction last referred to, the general verdict might have been rendered upon proof which satisfied the jury only of the larceny of the discharge paper; and therefore we cannot know, and cannot assume, that the jury did in fact find the defendant guilty of larceny of the check. Upon a verdict so rendered, the court could not properly impose the punishment attached to the greater offence. To justify that, the jury should have found by their verdict that the greater offence had been committed; that is, it should be made to appear that they found the defendant guilty of stealing property to an amount exceeding the value of one hundred dollars. *Commonwealth* v. *McKenney,* 9 Gray, 114.

So far as this verdict indicates that the jury found the defendant guilty of the greater offence, it was rendered upon instructions which were erroneous; and therefore it cannot be allowed

to operate as a finding that the property proved to have been stolen exceeded one hundred dollars in value. Can it be allowed to stand as a verdict of guilty of larceny to be punished by the lesser penalty prescribed by the statute for larceny of property not exceeding the value of one hundred dollars? If it can, consistently with the rules of practice in criminal cases, the ends of justice will be better subserved, as it appears to us, than by sending the case back for another trial. The jury have found the defendant guilty of larceny, upon proper evidence, and under instructions which we hold to be unexceptionable. The offence is the same in character, whether punishable by the greater or the lesser penalty. It is wholly set out in one section of the statute, and by the same words; the distinction consisting only in the degree of punishment inflicted, and that distinction depending solely upon the value of the property stolen. If the allegations of the indictment make the value of the property exceed one hundred dollars, the conviction and sentence can be only of the smaller offence, without proof and the finding of the jury that the value of the property stolen did in fact exceed that sum. But in such case the party may properly be sentenced to the lesser punishment provided by that statute. When there are several counts in the same indictment, or several articles alleged to be stolen in one count, all of which together exceed, but each of which separately does not exceed, the value of one hundred dollars, and a general verdict of guilty is returned, the court may render such judgment and sentence as is appropriate to the case actually developed at the trial. If, in fact, the proof was of but one offence, but one punishment will be imposed; if larceny is proved of only one of the several articles charged, the conviction and sentence will be only for the lighter penalty. This is the usual and proper course, especially where the several allegations are only different forms of charging the same fact. *Crowley* v. *Commonwealth,* 11 Met. 575.

Upon writ of error, it is always presumed that the sentence has been thus adjusted to the offence or offences of which the party has been properly and legally convicted. *Josslyn* v. *Commonwealth,* 6 Met. 236. This involves the right and the duty

of the court so to adjust it. In the case of *Commonwealth* v. *Eastman*, 2 Gray, 76, in which a general verdict of guilty was rendered upon an indictment charging larceny of several articles exceeding in all the value of one hundred dollars, there was a motion in arrest of judgment on the ground that the description of the principal article was bad; the remaining articles amounting to less than one hundred dollars in value. The court held that, whether the larceny of the article in question was well charged or not, " it is obvious that in either case a judgment must be rendered upon the verdict. The conviction is certainly right; and the only remaining question is, what is the sentence which is thereupon to be awarded." The case was accordingly sent back for sentence without determining the sufficiency of the allegation. This decision settles that there is no error in such case, if the sentence does not exceed the proper punishment for so much of the offence charged in the indictment as is legally established by the verdict; and that, so far as the verdict rendered is legally and properly rendered, it may avail for the purposes of judgment and sentence. See *Commonwealth* v. *Remby*, 2 Gray, 508; *Commonwealth* v. *Stebbins*, 8 Gray, 492.

We think the same principle may be applied to the present case. The defendant is properly convicted of larceny. The only error disclosed by the exceptions is, that, under the instructions given to the jury, they may not have found him guilty of stealing more than one of the several articles described, and therefore may not have found that the larceny was of such an amount of property in value as to warrant the severer penalty imposed by the statute. But this affords no good reason against making the verdict suffice for the lighter penalty. The judge who tried the case might have accepted the verdict and entered judgment as of a conviction for larceny of property not exceeding one hundred dollars in value. The attorney for the government might have avoided this exception by remitting the excess. The statutes give this court authority to make such order in regard to the disposition of the case in the superior court " as law and justice require." Gen. Sts. *c.* 112, § 35; *c.* 114, § 12. The circumstances of the case may sometimes be such as to

make it proper that the prosecution should be pressed for the heavier punishment. The order which we consider most suita- ble, therefore, is that the exceptions be sustained and the verdict set aside, unless the attorney for the Commonwealth shall move for judgment and sentence as upon conviction of larceny of property not exceeding the value of one hundred dollars; and the case is to be disposed of in the superior court accord- ing to this direction. *Ordered accordingly.*