## COMMONWEALTH *vs.* THOMAS KENNEDY.

Essex.   November 1. — 25, 1881.   MORTON & ALLEN, JJ., absent.

The St. of 1864, *c.* 250, § 2, providing that any objection to an indictment, for any formal defect apparent on its face, shall be taken by demurrer or motion to quash, assigning specifically the objections relied on, before the jury are sworn, does not apply to an indictment consisting of a single count, which duly charges an offence against the defendant, but contains a defective allegation of an aggravation of the offence.

An indictment alleged that the defendant, at a time and place named, " with force and arms, in and upon the body of one C., in the peace of said Commonwealth then and there being, violently and feloniously did make an assault, with intent then and there feloniously to ravish and carnally know, by force and against her will."   The defendant pleaded not guilty, and, before the jury were sworn, moved to quash that portion of the indictment which alleged the intent with which the assault was made, because it failed to· charge the person whom the defendant intended to ravish.   The judge overruled the motion, and ruled " that under this indictment it would be competent for the jury to find a verdict of guilty of the full offence, to wit, an assault with intent to ravish."   The defendant thereupon withdrew his plea of not guilty, entered a plea of guilty, and alleged exceptions.   *Held*, that the indictment duly charged a simple assault, and could not be quashed on motion, but did not charge the aggravation of the offence with sufficient precision; that the defendant, by his plea of guilty, did not waive his exception to the ruling of the judge; and that, the ruling being erroneous, the exception to it must be sustained, and the defendant sentenced for a simple assault only.

INDICTMENT alleging that the defendant on June 18, 1881, at Lawrence, " with force and arms, in and upon the body of one Catharine McCarthy, otherwise called Katie McCarthy, in the peace of said Commonwealth then and there being, violently and feloniously did make an assault, with intent then and there feloniously to ravish and carnally know, by force and against her will ; against the peace of the Commonwealth aforesaid, and contrary to the form of the statute in such case made and provided."

The defendant pleaded not guilty, and before the jury were sworn, " moves to quash that portion of the indictment which contains the allegation of the intent with which the assault was made, and assigns to the court the following reason :  Because said allegation of intent is defective and wanting in precision, and fails to charge with legal certainty the person whom the defendant intended to ravish and carnally know."

The record showed that on one and the same day this motion was overruled, and the defendant retracted his plea of not guilty, and pleaded guilty. And *Rockwell*, J. allowed a bill of exceptions, which, after stating the indictment and the motion to quash, proceeded as follows: " The court overruled the motion, and further ruled that under this indictment it was competent for the jury to find a verdict of guilty of the full offence, to wit, an assault with intent to ravish. Thereupon the defendant withdrew his plea of not guilty, and entered a plea of guilty; and, feeling aggrieved at the foregoing rulings, respectfully excepts thereto, and prays that his exceptions may be allowed."

*E. T. Burley*, for the defendant.

*G. Marston*, Attorney General, for the Commonwealth.

GRAY, C. J. The single count in this indictment charges fully and plainly, substantially and formally, an assault upon Catharine McCarthy. But there can be no doubt that the further allegation of an intent to ravish, without stating that the intent was to ravish her the said Catharine McCarthy, or otherwise distinctly and formally alleging whom the defendant intended to ravish, does not set forth the aggravation with the fulness and precision required by the twelfth article of the Declaration of Rights, by the rules of criminal pleading, and by the approved precedents. The real question in the case therefore is whether the defendant has properly availed himself of this defect.

By the common law, before the passage of the St. of 1864, *c.* 250, as the count contains a full and precise charge of the lesser offence, upon which the defendant might be convicted and sentenced, the defective description of the intent necessary to make out the aggravated offence would have afforded no ground for quashing the indictment or for arresting judgment thereon. *Commonwealth* v. *Fischblatt*, 4 Met. 354. *Commonwealth* v. *Kirby*, 2 Cush. 577, 582. *Commonwealth* v. *Hathaway*, 14 Gray, 392.

The purpose of the second section of the statute of 1864, requiring any objection to an indictment, for a formal defect apparent on its face, to be taken by demurrer or motion to quash, alleging specifically the objections relied on, before the jury are sworn, is to compel the objection that an indictment is

defective, by reason of not charging the defendant in due form with any offence, to be taken before trial of the facts. That this section is constitutional, and that it has the effect of giving the defendant a right of exception to the overruling of a motion to quash, was determined in the first cases that arose under it. *Commonwealth* v. *McGovern*, 10 Allen, 193. *Commonwealth* v. *Walton*, 11 Allen, 238. And two counts in one indictment have been treated as so far distinct presentments that one might be quashed without the other. *Commonwealth* v. *Dorus*, 108 Mass. 488. *Commonwealth* v. *Stevenson*, 127 Mass. 446. But the section has no application to the case of an indictment consisting of a single count, which does substantially and formally charge an offence against the defendant, and therefore is not defective, and could not be quashed on motion, or adjudged bad on demurrer.

In *Commonwealth* v. *Chiovaro*, 129 Mass. 489, an indictment charging the defendant as accessory before the fact to the crime of murder had been transmitted to this court for trial, and the defendant had pleaded guilty of murder in the second degree, and had thus distinctly confessed his guilt to that extent; the point adjudged was that the third section of the statute of 1864, which provides that no motion in arrest of judgment shall be allowed for any cause existing before verdict and not affecting the jurisdiction of the court, prevented the defendant from moving in arrest of judgment for formal defects apparent on the face of the indictment and not affecting the jurisdiction; the second section of the statute was discussed in the opinion only as aiding the interpretation of the third section; and there is nothing in the case to warrant the inference that an indictment, which does substantially and formally charge one offence, can be quashed or demurred to because it also imperfectly sets forth a greater offence. On the contrary, the only ground assigned in the defendant's motion in arrest of judgment in that case was " that no offence known to the law is fully and plainly, substantially and formally, set forth and described to him in and by said indictment, as required by law." 129 Mass. 491. And the matter to be decided before trial was stated in the opinion to be, " Have the grand jury in their presentment described against the defendant an offence fully and plainly,

substantially and formally, as required by the fundamental law?" and again, "When he alleges that there is nothing which he is bound to answer in the charge against him." 129 Mass. 496.

In the present case, the indictment, duly charging a simple assault, could not be quashed on motion, or adjudged bad on demurrer, for the defective description of the intent to ravish. The motion to quash was therefore rightly overruled.

But as this defect could not be taken advantage of by motion to quash or demurrer, it follows that the defendant had no means of ascertaining before trial whether the Commonwealth intended to proceed against him for more than the simple assault; and he therefore might avail himself of the defect in the description of the aggravation, by objecting to the introduction of proof of what had not been duly alleged against him, and by excepting to the ruling of the court admitting such proof and permitting the jury to find him guilty of the aggravated offence.

Although there appears to have been in fact no trial, and therefore no offer of evidence, and the conviction was not by verdict but by plea of guilty, yet the bill of exceptions tendered by the defendant and allowed by the presiding judge shows that it was only after the judge had "ruled that under this indictment it would be competent for the jury to find a verdict of guilty of the full offence, to wit, an assault with intent to ravish," that the defendant withdrew his plea of not guilty and entered a plea of guilty; and that he excepted to this ruling, as well as to the overruling of his motion to quash.

It is manifest, therefore, that the presiding judge and the district attorney, as well as the defendant, had no other object than to raise the question of the sufficiency of the indictment to warrant a conviction of the aggravated offence; that the form of presenting this question was adopted merely to save the trouble and expense of an actual trial; that under these circumstances the defendant cannot be deemed by his plea of guilty to have waived his exception to the ruling upon this question; and that, the ruling being erroneous, the exception to it must be sustained and the defendant *Sentenced for a simple assault.*