COMMONWEALTH *vs.* CAROL PIMENTAL. No. 87-885-A. March 4, 1988. *Robbery. Larceny. Evidence,* Prior inconsistent statement. *Error.* Harmless.

In her appeals from her convictions of assault and battery by means of a dangerous weapon and armed robbery, the defendant alleges error in the denial of her motion for a required finding of not guilty on each charge. The question before us on this issue is whether, under *Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 (1979), the evidence was sufficient to

warrant a finding of unarmed robbery or the lesser included offense of larceny of property having a value of more than $100.[1] She also claims error in the exclusion of certain prior inconsistent statements made by the complaining witness to policemen and alleges prosecutorial error in counsel's final argument. We reverse the conviction of assault and battery by means of a dangerous weapon and conclude that the evidence presented at trial warranted only a conviction on so much of the armed robbery indictment as charged larceny.

1. Viewing the evidence in the light most favorable to the Commonwealth, the jury could have found the following facts. The victim was the owner of an expensive 1983 Thunderbird sports car "loaded with every option" which, at the time of the incident, was valued at $16,000.

On the night of April 27, 1983, the victim, having had four or five drinks at two bars, drove to a sandwich shop, and parked in front of it. The area was well lighted. The victim noticed a man and a woman, whom he later identified as the defendant and the codefendant,[2] talking at the corner; "something was said" by the woman at the time the victim entered the sandwich shop, but he "didn't pay attention." When he came out of the shop after fifteen minutes, the man and the woman were still standing outside. The victim got into his vehicle, and the woman came over saying she needed a ride "over by the Colonnade." At first the victim refused to take her but finally acceded to her request. He drove to the Colonnade, but when they reached it, the woman wanted to go a bit farther.

She gave the victim directions, and, after passing an intersection with a light, they stopped. The woman "said she wasn't sure. She was a little confused." They stopped several times, usually after an intersection with a light. After about the third stop, the victim became "a little bit uptight" and told the woman she should take a cab. He offered her twenty dollars to cover the cab fare. When they finally arrived at the woman's destination, she invited him inside, saying, "We'll have a great time and we'll drive down to the Cape tomorrow." The victim declined her offer. She tried to persuade him.

After about eight to ten minutes, he saw the man who had been with the woman outside the sandwich shop drive up in a light blue car and take "a right just before us." The man reappeared, entered the victim's automobile on the passenger side, and sat swivelled on the bucket seat, facing

---

[1] The Commonwealth, to its credit, on the evidence in this case, recognized that there was insufficient evidence to warrant a finding of guilty on the indictment for assault and battery with a dangerous weapon. Since there was no evidence that Pimental knew of the existence of a knife, the Commonwealth also does not attempt to sustain the finding of guilty on so much of the indictment for robbery as charged the defendant with being armed. *Commonwealth* v. *Washington,* 15 Mass. App. Ct. 378, 382-383 (1983). *Commonwealth* v. *Hennessey,* 17 Mass. App. Ct. 160, 165 (1983).

[2] The defendant was tried together with the man, and both were convicted of the same charges. The only appeal before us is hers.

the victim. The three talked for a few minutes. When the victim stated it was getting late and that he had to leave, the man "lunged over and stabbed" the victim. The man tried to stab the victim again, but the latter managed to roll out of the vehicle. According to the victim, the woman screamed at the man, "What were you doing. What's this all about." The man drove off in the victim's automobile with the woman in the front seat.

The victim went to a nearby house, the police were called, and the victim spent a day and a half at a hospital. Some days later, from books containing many photographs, the victim identified both the woman and the man.

Although the question is close, we think the evidence permitted the inference that the defendant and the co-defendant, on seeing the fancy car and a driver who had had a few drinks, made plans to relieve him permanently of his car. The defendant's actions in persuading the victim to drive her to some undefined place, stopping three or four times after traffic lights, and trying to induce the victim to accompany her and leave the vehicle in a place where her accomplice could drive it away warranted a finding that the defendant, together with the codefendant, intended (and ultimately did commit) larceny. "Larceny is the unlawful taking and carrying away of the personal property of another with the specific intent to deprive the person of the property permanently." *Commonwealth* v. *Johnson*, 379 Mass. 177, 181 (1979).

Although the Commonwealth argues that there was enough evidence for the jury, on a joint enterprise theory, to find robbery, we disagree. "Robbery includes all the elements of larceny and in addition requires that force and violence be used against the victim or that the victim be put in fear." *Ibid*. Here there was no evidence that the defendant knew the man had a knife. There was also no evidence from which a jury could infer that she intended that force be used against the victim or that he be put in fear. All that can be inferred fairly is that she wanted to lure him away from his automobile. Accordingly, the defendant was entitled to a required finding of not guilty on the indictment charging assault and battery by means of a dangerous weapon and was also entitled to have the armed robbery conviction reduced to the lesser included offense of larceny of over $100. See *Commonwealth* v. *Washington*, 15 Mass. App. Ct. 378, 382-383 (1983); *Commonwealth* v. *Hennessey*, 17 Mass. App. Ct. 160, 165 (1983).

2. At trial, the victim testified that he was stabbed in his automobile. When he originally spoke to a policeman after the incident, and again at a second interview with the police, the victim stated that he had been stabbed in a hallway. The trial judge excluded the statement made at the second interview with the police. The statement should not have been excluded. "[I]f a witness, upon either direct or cross-examination, testifies to a fact that is relevant to the issue on trial, the adverse party, for the purpose of impeaching his testimony, may show that the witness has made previous inconsistent or conflicting statements either by eliciting such statements upon

cross-examination of the witness himself, *or by proving them by other witnesses*" (emphasis supplied). *Commonwealth* v. *West*, 312 Mass. 438, 440 (1942). See generally Liacos, Massachusetts Evidence 134 (5th ed. 1981).

The victim explained the inconsistency in the first statement as being due to shock. While the second statement, which took place at a later time, may not be similarly explained, our holding that the defendant may not be found guilty of the stabbing, i.e., may not be convicted of assault and battery with a dangerous weapon, or of armed robbery, minimizes the consequence, if any, of the exclusion. While the inconsistency goes to the victim's credibility, we conclude, after reading the entire record, that with respect to a conviction of larceny the exclusion was harmless beyond a reasonable doubt.

3. While several of the prosecutor's remarks were, perhaps, better left unsaid, we find no prosecutorial error requiring reversal, whether the remarks be considered singly or as a whole.

The judgment on indictment No. 054582 is reversed, the verdict is set aside, and judgment on that indictment is to be entered for the defendant. The verdict on indictment No. 054583 is to be taken as one of guilty of larceny of property of the value of more than $100, and the matter is remanded to the Superior Court for the defendant to be sentenced for that offense. See G. L. c. 278, § 11.

*So ordered.*

*Jane Larmon White*, Committee for Public Counsel Services, for the defendant.

*Nijole Slezas*, Assistant District Attorney, for the Commonwealth.