COMMONWEALTH *vs.* RAYMOND W. ROBINSON, JR.

No. 87-989.

Worcester. June 2, 1988. — October 6, 1988.

Present: DREBEN, KASS, & FINE, JJ.

*Mayhem. Assault with Intent to Maim. Assault and Battery by Means of a Dangerous Weapon. Practice, Criminal,* Indictment, Instructions to jury, Variance, Verdict, Sentence, Lesser included offense, Assistance of counsel.

In the circumstances of the trial of an indictment charging assault with intent to maim, where the judge, without objection, instructed the jury on mayhem, an offense greater than the one charged, and, following a verdict of guilty, sentenced the defendant as for that offense, the erroneous verdict was to stand as a verdict of guilty of the lesser included offense properly charged in the indictment, namely, assault with intent to maim, and the defendant was to be resentenced thereon. [445-446]

On appeal from criminal convictions, a defendant made no showing on the record that he had been prejudiced by any ineffectiveness of his trial counsel. [446]

INDICTMENTS found and returned in the Superior Court Department on January 10, 1986.

The cases were tried before *John F. Murphy, Jr.,* J.

*John J. Courtney* for the defendant.

*Katherine E. McMahon,* Assistant District Attorney, for the Commonwealth.

DREBEN, J.   On the evidence presented, the jury were warranted in finding that the defendant, wielding a sharp instrument, twice severely lacerated the victim's face. He was convicted on two indictments: indictment 111069, charging assault with intent to maim (G. L. c. 265, § 15), and indictment 111070, charging assault and battery by means of a dangerous weapon (G. L. c. 265, § 15A).

The defendant seeks reversal of his conviction on indictment 111069 because the judge instructed the jury on mayhem (G. L. c. 265, § 14), a crime greater than the one charged. Without objection, the judge instructed the jury as follows: "[T]he Commonwealth must prove the following elements beyond a reasonable doubt: In order to prove [the defendant] guilty of mayhem, first, that the [d]efendant, Mr. Robinson, had a malicious[1] intention to maim or disfigure; second, that Mr. Robinson assaulted [the victim]; third, that he assaulted him with a dangerous weapon; and fourth, that by such assault he disfigured or crippled or inflicted serious or permanent physical injury upon [the victim]."

The verdict slip for indictment 111069 listed the crime as "mayhem," and verdicts of guilty of "mayhem" and of "assault and battery by means of a dangerous weapon" were recorded. The defendant was sentenced to ten to fifteen years at M.C.I., Cedar Junction, on the "mayhem" charge and to a concurrent term of eight to ten years at the same institution on the charge of assault and battery by means of a dangerous weapon.

The defendant appealed from his sentences to the Appellate Division of the Superior Court. A panel of that court reduced the sentence on indictment 111069 to a term of not more than ten years and not less than eight years. In its order, the panel referred to the conviction as "assault with intent to maim."[2]

The instructions, verdict, and sentence[3] which treated the defendant as having been convicted of mayhem were clearly incorrect. The trial judge could not by his instructions (even without objection) create a variance between the indictment and the proof so as to permit the jury to convict the defendant of a crime more serious than the one charged in the indictment.

---

[1] Malicious intent is not required under the second portion of G. L. c. 265, § 14, the portion of the mayhem statute under which the judge charged. See note 6, *infra*.

[2] Reduction of a sentence by the appellate division does not serve to correct an unlawful sentence. See *Commonwealth* v. *Franks*, 365 Mass. 74, 81 (1974).

[3] The judge's sentence for mayhem exceeded the maximum sentence permitted on an indictment for assault with intent to maim (not more than ten years). See note 5, *infra*.

*Commonwealth* v. *Hobbs*, 385 Mass. 863, 869 (1982). *Commonwealth* v. *Costello*, 392 Mass. 393, 403-404 (1984). See also *Tarpley* v. *Estelle*, 703 F.2d 157, 160-161 (5th Cir.), cert. denied sub nom. *McKaskle* v. *Tarpley*, 464 U.S. 1002 (1983).

The question before us is whether the general rule that "a crime must be proved as charged and must be charged as proved," *Commonwealth* v. *Grasso*, 375 Mass. 138, 139 (1978); *Commonwealth* v. *Costello*, 392 Mass. at 403, was here violated so as to require a new trial. We think not.

Where a defendant has been convicted of a greater offense than is appropriate, our cases have, in a number of different circumstances, permitted the erroneous verdict to stand as a verdict of guilty of a lesser included crime. There is no need for a new trial if the indictment charged the defendant with the lesser crime; only the sentence needs to be corrected.

This is clearly the rule where the evidence is insufficient to sustain a conviction of the greater offense. A "defendant who has been convicted of an aggravated offence [breaking and entering in the nighttime] upon evidence which justifies his conviction of no more than the offence without the aggravation [breaking and entering in the daytime], may be legally sentenced for the offence without the aggravation." *Commonwealth* v. *Clifford*, 254 Mass. 390, 392, 394 (1926). Similarly, in *Commonwealth* v. *Novicki*, 324 Mass. 461, 465, 467 (1949), where the indictment charged armed robbery but there was insufficient evidence to convict the defendant of that crime, the verdict was treated as a verdict of guilty of the lesser included crime of larceny, of which there was sufficient evidence. See also *Commonwealth* v. *Eaton*, 2 Mass. App. Ct. 113, 117-118 (1974); *Commonwealth* v. *Pimental*, 25 Mass. App. Ct. 971, 973, 974 (1988); G. L. c. 278, §§ 11 & 12.

This principle was also followed where, on an indictment charging forcible rape, the judge's instructions created uncertainty whether the defendant had been found guilty of forcible rape or of the lesser crime of statutory rape. *Commonwealth* v. *Franks*, 365 Mass. 74, 80, 82 (1974). The court held that the verdict should stand as a finding of the lesser included

offense of statutory rape, and the matter was remanded for the defendant to be sentenced for that crime. *Ibid.* In *Commonwealth* v. *Lawless*, 103 Mass. 425, 434 (1869), under the instructions given it was not clear whether the jury had found the defendant guilty of stealing more than one of the several articles described, each of which was alleged to have a value of exactly $100. Hence, the jury might not have found that the larceny was of goods of a value of over one hundred dollars, a crime which warranted a greater penalty.[4] The court applied the principle that "there is no error . . . if the sentence does not exceed the proper punishment for so much of the offence charged in the indictment as is legally established by the verdict . . . ." *Ibid.* See also *Commonwealth* v. *Walters*, 12 Mass. App. Ct. 389, 394-395 (1981).

A number of cases apply a similar rule where the indictment does not sufficiently state the greater or more inclusive offense. Thus in *Commonwealth* v. *Eastman*, 2 Gray 76 (1854), the court held that although the allegations of an indictment were defective to charge the defendant with larceny of a bank bill and a gold half eagle, they were sufficient to charge him with stealing a wallet and other goods. The conviction was correct as to the latter allegations, and it was only on the question of sentencing that the confines of the indictment were to be considered. See also *Commonwealth* v. *Fischblatt*, 4 Met. 354, 356 (1842). Again, in *Commonwealth* v. *Blaney*, 133 Mass. 571, 572 (1882), where the indictment arguably did not properly charge the defendant with mayhem but correctly charged him with every element of the crime of assault and battery, the court held that the defendant's only remedy would be to object to the sentence if a sentence were imposed for a crime other than the crime correctly charged in the indictment. *Commonwealth* v. *Kennedy*, 131 Mass. 584, 585, 587 (1881), is to similar effect.

---

[4] General Laws c. 266, § 30, as amended through St. 1987, c. 468, § 1, now provides for a greater penalty where the value of the property stolen exceeds $250.

In the case at bar the indictment properly charged the defendant with assault with intent to maim. That offense, set out in the margin,[5] requires an assault and an intent to maim or disfigure in any way described in G. L. c. 265, § 14, the mayhem statute.[6] Thus, the judge's instructions as to mayhem under the second branch of G. L. c. 265, § 14, see *Commonwealth v. Donoghue*, 23 Mass. App. Ct. 103, 111 (1986), cert. denied, 481 U.S. 1022 (1987), contained all the elements required for a conviction under G. L. c. 265, § 15 (assault with intent to maim), plus the additional element required for mayhem, namely, that the assault result in serious physical injury. *Id.* at 113. The crime of assault with intent to maim here fell within the definition of a lesser included offense of the crime of mayhem. *Commonwealth v. Perry*, 391 Mass. 808, 813 (1984) ("A crime is a lesser-included offense of another crime if each of its elements is also an element of the other crime").

In these circumstances, under the principles of the cases cited, or at least under principles analogous thereto, the verdict of mayhem is to stand as a conviction of the crime properly charged in the indictment — assault with intent to maim. No reason of unfairness to the defendant precludes this result. He has shown no prejudice to his defense by reason of the instruc-

---

[5] General Laws c. 265, § 15, provides: "Whoever assaults another with intent to commit murder, or to maim or disfigure his person in any way described in the preceding section, shall be punished by imprisonment in the state prison for not more than ten years or by a fine of not more than one thousand dollars and imprisonment in jail for not more than two and one half years."

[6] General Laws c. 265, § 14, provides: "[1] Whoever, with malicious intent to maim or disfigure, cuts out or maims the tongue, puts out or destroys an eye, cuts or tears off an ear, cuts, slits or mutilates the nose or lip, or cuts off or disables a limb or member, of another person, and whoever is privy to such intent, or is present and aids in the commission of such crime, or [2] whoever, with intent to maim or disfigure, assaults another person with a dangerous weapon, substance or chemical, and by such assault disfigures, cripples or inflicts serious or permanent physical injury upon such person, and whoever is privy to such intent, or is present and aids in the commission of such crime, shall be punished by imprisonment in the state prison for not more than twenty years or by a fine of not more than one thousand dollars and imprisonment in jail for not more than two and one half years" (bracketed numbers supplied).

tions which created a variance from the indictment. He had notice of the crime with which he was charged, and it is obvious that the evidence that the victim was badly scarred was properly admitted on the assault with intent to maim charge. "[O]ne charged with a crime may be convicted of it, if the evidence shows that he was guilty of a greater crime which includes that charged in the indictment." *Commonwealth* v. *Creadon*, 162 Mass. 466, 467 (1894) (defendant charged with assault to commit rape was not entitled to an instruction that if the jury should find that rape had occurred, the defendant could not be convicted because a variance between the indictment and the proof to be considered would be created). There is also no showing that the instructions misled the jury in a way which may not be corrected by a new sentence, that they misled the defendant, that they raised the danger of retrial after acquittal, see *Commonwealth* v. *Hobbs*, 385 Mass. at 870, or that any constitutional question is presented. Cf. *Paterno* v. *Lyons*, 334 U.S. 314, 320 (1948). The defendant's challenge to his conviction on indictment 111069 fails.

The defendant also seeks a reversal of both convictions on the ground that trial counsel was ineffective. In view of our decision, there is no prejudice with regard to the conviction of mayhem. The defendant's arguments as to other issues are unpersuasive on the record before us,[7] as nothing suggests that " 'counsel's performance prejudiced the defense . . . such that, but for the errors of counsel, it is reasonably probable that' the result would have been different." *Commonwealth* v. *Shea*, 401 Mass. 731, 744 (1988), quoting from *Commonwealth* v. *Florentino*, 396 Mass. 689, 690 (1986).

The judgment on indictment 111069 is reversed, and the matter is remanded to the Superior Court, where the defendant is to be resentenced under G. L. c. 265, § 15, as for assault with intent to maim. We also conclude in the circumstances of this case that the sentencing on indictment 111070 may have been

---

[7] We look only to the evidence which was before the trial judge. Other evidence, if any, to support the claims of ineffective assistance of counsel can only be considered on a motion for a new trial.

affected by the erroneous conviction of mayhem, and that the trial judge should have the opportunity to reconsider that sentence. The judge, in his discretion, may vacate the judgment on that indictment and impose a new sentence.

*So ordered.*