COMMONWEALTH *vs.* CLEMIS FRANKS, JR.

Suffolk.    February 5, 1974. — April 8, 1974.

Present: TAURO, C.J., QUIRICO, BRAUCHER, HENNESSEY, & KAPLAN, JJ.

*Practice, Criminal,* Charge to jury, Exceptions: failure to save exception, Verdict, Sentence. *Pleading, Criminal,* Indictment. *Assault.*

The crime of statutory rape punishable under G. L. c. 265, § 23, is included within the crime of forcible rape punishable under G. L. c. 265, § 22A, where the victim is under the age of sixteen. [78]

Where a jury returned a general verdict of guilty, after being instructed that they could, even if they did not find use of force, return a verdict of guilty against a defendant indicted for forcible rape of a female under sixteen, it was reversible error for the judge to sentence the defendant for forcible rape rather than for statutory rape. [79-81]

---

This court may review an error in a judge's charge that may have resulted in a defendant's being sentenced for a crime other than the one of which he was convicted, even though no exception to the error had been taken. [81-82]

INDICTMENTS found and returned in the Superior Court on June 30, 1969.

The cases were tried before *Roy*, J.

*Albert L. Hutton, Jr.*, for the defendant.

*Edward T. Crossen*, Assistant District Attorney (*Elizabeth C. Casey*, Assistant District Attorney, with him) for the Commonwealth.

QUIRICO, J. The defendant Clemis Franks, Jr., was indicted and convicted on a charge of "ravish[ing] and carnally know[ing]. . . a female child under the age of sixteen years, by force and against her will."[1] He appeals pursuant to the provisions of G. L. c. 278, §§ 33A-33G.

The pertinent evidence before the jury was as follows. On May 24, 1969, at 2 P.M. when the alleged rape took place, the victim was fifteen years old (born March 2, 1954) and a student at the Industrial School for Crippled Children. At the trial (at which time she was eighteen years of age) the victim testified that she was walking on her way to a friend's house, when a young black male, whom she subsequently identified as the defendant, passed her on the street in front of the Notre Dame Academy building in Roxbury. After he walked past her, he came up from behind her and grabbed her around the neck. She started to scream, but then felt something in her back which the defendant said was a gun. He then dragged her up some stairs and into a "little hole" in the side of the Notre Dame Academy building and forced her to remove her clothing and had sexual intercourse with her. A medical examination later in the day showed the existence of male sperm

---

[1] The defendant also appealed from his conviction, at the same trial, on an indictment charging him with the crime of unarmed robbery of the same victim. In his brief he has expressly waived his assignments of alleged errors in connection with that conviction. That appeal requires no further action by this court except to affirm the judgment from which the appeal was taken.

in her vagina. The victim stated that she was able to get a good look at her assailant during this time ("I'd never forget his face"). On June 18, 1969, at the Roxbury court house, she identified the defendant as her assailant, first, from among twenty-seven photographs of black males shown to her, and then at an informal lineup, from among twelve to fifteen black males who were then in custody and whom she viewed with the permission of the defendant's attorney. The defendant did not take the stand.

The defendant's sole argument for reversal is based on purported error in the judge's charge, to which he took no exception. The principle that an assignment of error under § 33D not based on an exception brings nothing to this court for review is "so firmly established . . . and so universally understood and applied," *Commonwealth* v. *Underwood*, 358 Mass. 506, 509 (1970), that it is unnecessary for us to dwell on it. *Commonwealth* v. *McDonald*, 264 Mass. 324, 336 (1928). *Commonwealth* v. *Gray*, 314 Mass. 96, 102 (1943). *Commonwealth* v. *Theberge*, 330 Mass. 520, 527 (1953). *Commonwealth* v. *Myers*, 356 Mass. 343, 346 (1969). See especially, *Commonwealth* v. *Taylor*, 319 Mass. 631, 633 (1946), relative to purported errors in a jury charge. Only in very rare instances will this court act to correct an error to which no exception has been taken, the test being "whether there is a substantial risk of a miscarriage of justice." *Commonwealth* v. *Freeman*, 352 Mass. 556, 564 (1967). We now state the legal and factual background of the case to which we must apply this test.

General Laws c. 265, § 22A, inserted by St. 1955, c. 763, § 2, makes it a crime for a male to "ravish . . . and carnally know . . . a female child under sixteen by force and against her will . . . ." General Laws c. 265, § 23, as appearing in St. 1966, c. 291, makes it a crime for a male to "unlawfully and carnally know . . . and abuse . . . a female child under sixteen years of age." Each section provides a basic penalty of "imprisonment in the state prison for life or for any term of years" with variations for particular circumstances as described in the margin.[2]

---

[2] The complete text of §§ 22A and 23 on the date of the offence was as follows:

The indictment on which the defendant was tried charged all of the elements of a forcible rape of a female under the age of sixteen years punishable under § 22A. The evidence admitted at the trial, when considered in its light most favorable to the Commonwealth, would have permitted the jury to find that the defendant had committed the crime of forcible rape. The evidence was therefore also sufficient to have permitted the jury to find that he had committed the crime of consensual intercourse with a female under the age of sixteen years punishable under § 23 (commonly called "statutory rape"). There is nothing in the record to indicate that the evidence would have been different, or that the case would have been tried differently, if the indictment had charged only the crime of statutory rape and not that of forcible rape.

The judge charged the jury as follows: "In this case the defendant Franks is charged with . . . ravishing and carnally knowing . . . [the victim], a female child under the age of sixteen years, by force and against her will . . . . The evidence is that . . . [she] was born on March 2, 1954; and that this incident was alleged to have occurred on May 24, 1969. So if you accept those dates to be the fact, . . . [she] would not have been sixteen until March 2, 1970, which was after the date of the alleged offense. And, therefore, being under the age of sixteen, if there was a carnal knowledge of her, whether she consented or did not consent is of no

---

§ 22A. "Whoever ravishes and carnally knows a female child under sixteen by force and against her will shall be punished by imprisonment in the state prison for life or for any term of years; and whoever over the age of twenty-one commits a second or subsequent such offence shall be sentenced to state prison for life or for any term of years, but not less than five."

§ 23. "Whoever unlawfully and carnally knows and abuses a female child under sixteen years of age shall, for the first offense, be punished by imprisonment in the state prison for life or for any term of years, or, except as otherwise provided, for any term in any other penal institution in the commonwealth, and for the second or subsequent offense by imprisonment in the state prison for life or for any term of years, but not less than five years."

The penalties under the two sections differ in that under § 22A, the sentence imposed on a first offender must be to the State prison, whereas under § 23 it may be to the State prison or "in any other penal institution in the commonwealth." The sentence imposed on a defendant for a "second and subsequent" offence is the same under each section except for the words "over the age of twenty-one" appearing in § 22A.

consequence in the establishment of this defense, because the law protects young girls under the age of sixteen. And even if she had voluntary intercourse with this defendant or somebody else, and freely consented, a defendant who had relations with her would still be guilty of this offense. You may come to the conclusion from the evidence of . . . [the victim], if you accept it to be true, that it was against her will and without her consent. But I say to you, with or without consent, the offense is completed if there is carnal knowledge of . . . [her]."

It is clear that in his instructions to the jury the judge did not distinguish between the two different crimes of forcible rape of a female under sixteen (punishable under G. L. c. 265, § 22A), and statutory rape (punishable under § 23). Rather, he permitted the jury to find the defendant guilty if they found that he had committed either the one offence or the other and did not require that they specify which one.

The first question requiring our attention is whether under an indictment charging a defendant with forcible rape a jury could find the defendant guilty of statutory rape if the evidence was sufficient to prove only the latter crime. Stated differently, the question is whether the crime of statutory rape punishable under G. L. c. 265, § 23, is a crime included within the crime of forcible rape punishable under § 22A, which was charged in the indictment. We hold that this question, stated in either form, must be answered affirmatively.

The indictment in this case charged that the defendant "did *ravish and* carnally know one . . . [named person], a female child under the age of sixteen years, *by force and against her will*" (emphasis supplied). That language in its entirety clearly charges all the elements of the crime of forcible rape under § 22A, as noted above. However, it also includes all of the elements of the crime of statutory rape under § 23, the language in italics above being unnecessary additional allegations to a charge of such crime.

General Laws c. 278, § 12 (which had its origin in St. 1784, c. 66. § 11, and was changed in respects not here material in later statutory codifications), provides as fol-

lows: "If a person indicted for a felony is acquitted by the verdict of part of the crime charged, and is convicted of the residue, such verdict may be received and recorded by the court, and thereupon the defendant shall be adjudged guilty of the crime, if any, which appears to the court to be substantially charged by the residue of the indictment, and shall be sentenced and punished accordingly." In *Commonwealth* v. *Drum*, 19 Pick. 479, 480 (1837), where the defendant was indicted "for a rape upon a female child under ten years of age," the child testified to an assault but "expressly negatived the fact of ravishing or of attempting it." The trial court, then composed of three Justices of the Supreme Judicial Court, instructed the jury that since the indictment for rape "necessarily charged substantially and formally an assault and battery upon the person of the female alleged to have been ravished," the jury could find the defendant guilty of assault and battery by the application of Rev. Sts. c. 137, § 11, the predecessor of G. L. c. 278, § 12. To the same effect, and applying the same statute as it appeared in appropriate codifications, see *Commonwealth* v. *Goodhue*, 2 Met. 193 (1840), holding that under an indictment charging the defendant with rape on his own daughter, he could be found guilty of incest on proof of carnal knowledge but not by force and against the will of the daughter; *Commonwealth* v. *Fischblatt*, 4 Met. 354, 356 (1842), holding that under an indictment charging an assault with intent to ravish, the defendant could be found guilty of the assault without the intent thus charged; *Commonwealth* v. *Squires*, 97 Mass. 59, 60-61 (1867), holding that under an indictment charging that the defendant being a married man committed rape on a female not his wife, he could be found guilty of adultery on proof of intercourse but not by violence and not against the will of the female; and *Commonwealth* v. *Thompson*, 116 Mass. 346, 348 (1874), holding that a charge of an assault with intent to commit rape includes a charge of an assault without such specific intent.

Under G. L. c. 278, § 12, the defendant in this case could have been "acquitted by the verdict of part of the crime

charged," and could have simultaneously also been "convicted of the residue . . . of the crime, if any, which appears to the court to be substantially charged by the residue of the indictment." It is apparent from his instructions to the jury that the judge thought that the language of the indictment and the evidence produced at the trial would have permitted the jury to find the defendant guilty of either forcible rape as charged or of statutory rape as a lesser included offence. Consistent with that opinion he should have further instructed the jury that if they found the defendant guilty they should state in their verdict whether they found him guilty of the full crime charged or of a lesser offence; that if the latter, they should specify which such lesser offence; and that such verdict would impliedly constitute an acquittal of the greater offence. See our discussion of the proper form of verdicts rendered in relation to G. L. c. 278, § 12, in *Commonwealth* v. *Burke*, 342 Mass. 144, 145, 148-149 (1961).

By the judge's permitting the jury to return a general verdict of guilty without further specification, a doubt was created as to whether the defendant was found guilty of the more serious crime of forcible rape or the lesser crime of statutory rape. The doubt must be resolved in favor of the defendant. We hold that in the circumstances of this case the verdict must be treated as a finding that the defendant was guilty of statutory rape in violation of G. L. c. 265, § 23, and also impliedly as a finding that he was not guilty of forcible rape under G. L. c. 265, § 22A.

It appears, however, from the record that despite his charge, the judge assumed the defendant had been found guilty of forcible rape under § 22A, as indicated by the following facts. When the defendant was tried on the present indictment he was already serving a sentence of not less than six nor more than twenty years imposed on him after conviction on a previous indictment which had also charged the crime of ravishing and carnally knowing a female child under the age of sixteen by force and against her will. See *Commonwealth* v. *Franks*, 359 Mass. 577 (1971). During the sentencing proceedings on the con-

viction involved in the present case, the judge, after examining the defendant's record of prior convictions, said: "[T]wo violent rapes upon girls under sixteen is a sufficient basis for me to determine what type of man this defendant is," and then imposed a sentence of not less than forty nor more than fifty years on the present indictment.

The sentence thus imposed is admittedly permissible under both § 22A and § 23, and it is not a function of this court to review an otherwise lawful sentence which is within the limits of the applicable statutory provisions. Such a review, if it is available, is by the Appellate Division of the Superior Court acting pursuant to G. L. c. 278, §§ 28A-28C, as amended by St. 1968, c. 666. However, where it appears, as it does here, that a defendant was sentenced for a crime other than that of which he was convicted, it is within the appellate power of this court to vacate the sentence and to take steps necessary to correct the error.

Such a practice was followed in *Commonwealth* v. *Lawless*, 103 Mass. 425, 432-434 (1869). In that case, the defendant was indicted for the larceny of, inter alia, a military discharge paper alleged to be "of the value of one hundred dollars." There was evidence that the defendant stole the paper, but there was no evidence of its value. The judge instructed the jury that "if they should find the discharge paper to be of any value they might return a general verdict of guilty, in case they found a larceny of that paper." The jury found the defendant guilty generally and the judge sentenced him as though he had been convicted of grand larceny (larceny of more than $100); the sentence exceeded the maximum permitted for the crime of petit larceny. This court held that in so far as the general verdict against the defendant indicated that the jury found him guilty of grand larceny, it was erroneous because of the failure of proof as to the value of the discharge paper; but that the general verdict of guilty would properly sustain a conviction and sentence for the lesser offence of petit larceny. 103 Mass. at 432-433 (1869). In *Commonwealth* v. *Novicki*, 324 Mass. 461, 467 (1949), where the defendants were indicted, convicted and sentenced for the crime of

armed robbery on evidence which permitted only a verdict
of guilty of larceny, we held that the verdicts should "stand
as verdicts of guilty of the crime of larceny, which crime . . .
was well charged in the indictment," and the defendants
were to be resentenced for the lesser crime of larceny.[3] See
also *Commonwealth* v. *Clifford,* 254 Mass. 390, 392 (1926).

Notwithstanding the defendant's failure to except to the
judge's charge to the jury, we hold, in the exercise of our
power described in *Commonwealth* v. *Freeman,* 352 Mass.
556 (1967), that the verdict against the defendant may
stand as a verdict of guilty of the crime of carnally knowing
a female child under sixteen years of age in violation of
G. L. c. 265, § 23, and that the sentence imposed on the
defendant is set aside. Under G. L. c. 250, § 12, "[i]f a final
judgment is reversed by reason of error in the sentence,
such judgment shall be rendered in the case as the court
below should have rendered, or may be remanded for that
purpose to said court." Because of the broad range of the
sentence permitted under § 23 ("imprisonment in the state
prison for life or for any term of years"), the determination
of the precise sentence to be imposed is more appropriately
left to the judgment and discretion of the trial judge. We
accordingly order the case remanded to the Superior Court
for the sentencing of the defendant for his violation of G. L.
c. 265, § 23.

The judgment on the indictment charging the crime of
unarmed robbery is affirmed.

*So ordered.*

---

[3] See *Lewis* v. *Commonwealth,* 329 Mass. 445 (1952), a related case involving
one of the defendants' redetermined sentences.