COMMONWEALTH *vs.* KENNETH E. COOKE. February 24, 1975. There was no error in the denial of the motion for a directed verdict on the indictment for possession with intent to distribute. Passing the question whether the motion was sufficiently specific to raise the points now argued in the defendant's brief (see *Commonwealth* v. *Kalinowski,* 360 Mass. 682, 686 [1971]), it was for the jury to say whether the defendant had acquired the seventy-three bags of heroin (1) for the purpose of catering to his own (agreed upon) addiction or (2) for the purpose of distributing them to persons such as (a) the three individuals with track marks on their arms whom the defendant had cautiously admitted to the building in question for brief periods (two to five minutes) during the four-day period preceding the day of the search and arrest or (b) the individual similarly admitted by the defendant on the day prior to the search and arrest who discarded a bag of heroin as a police officer pursued him away from the building. Compare *Commonwealth* v. *Ellis,* 356 Mass. 574, 578-579 (1970); *Commonwealth* v. *Kin-*

*nitt,* 2 Mass. App. Ct. 810, 811 (1974); *Commonwealth* v. *Baltrop,* 2 Mass. App. Ct. 819, 820 (1974). There is nothing to the contrary in *Commonwealth* v. *Croft,* 345 Mass. 143, 144-145 (1962).

*Exceptions overruled.*

*Susan J. Baronoff* for the defendant.

*John A. Kiernan,* Assistant District Attorney, for the Commonwealth.

