COMMONWEALTH *vs.* FRANK SENATI.

Suffolk.    May 12, 1975. — May 28, 1975.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Narcotic Drugs.   Evidence,* Presumptions and burden of proof.   *Practice, Criminal,* Mistrial, Presence of defendant.

At the trial of indictments charging unlawful possession of heroin with intent to distribute and unlawful distribution of cocaine, verdicts of guilty to the latter indictment and to so much of the former as charged "intent to distribute" were not warranted by evidence showing merely that the defendant, an admitted heroin addict, and another man in a park at night were observed by police officers "touching hands," that as the officers approached, each threw something to the ground, that five bags of heroin were found near the defendant and a small quantity of cocaine near the other man, and that the defendant had $41 on his person while the second person had $146. [306]

Where a defendant in a criminal case prior to closing arguments told his attorney that he wished to tell the jury that the police had lied and that the transcript of the district court hearing would prove it, and where, upon being informed that no such transcript existed, he became very excited and reiterated his statement to the judge in a voice loud enough for the jury to hear and continued to speak in

a loud voice, after repeated warnings, there was no error in the judge's ordering the defendant removed from the courtroom nor in his denial of the defendant's motion for a mistrial. [306-308]

INDICTMENTS found and returned in the Superior Court on November 8, 1973.

The cases were tried before *Travers,* J.

*Robert Snider* for the defendant.

*Robert J. McKenna, Jr.,* Assistant District Attorney, for the Commonwealth.

HALE, C.J.   Following a jury trial the defendant was convicted on indictments charging unlawful possession of a Class A controlled substance (heroin) with intent to distribute (No. 77802) and unlawful distribution of a Class B controlled substance (cocaine) (No. 77803). The case comes to us by way of a bill of exceptions. The defendant argues that it was error for the judge to have denied his motions for directed verdicts on No. 77803 and on so much of No. 77802 as charged intent to distribute. The motions were made at the conclusion of the Commonwealth's case and were renewed at the conclusion of all the evidence.

We summarize the facts disclosed in the bill of exceptions.

On the evening of September 25, 1973, a group of four police officers, at least one of whom was experienced in the investigation of narcotic drug cases, was on patrol in Boston. At about 10:30 P.M. while proceeding on Shawmut Avenue in the neighborhood of Blackstone Park they observed the defendant enter the park with two other men. They recognized the defendant by his distinctive clothing — a long gray coat and an unusual hat — which they had seen him wearing earlier that evening. Their cruiser was driven around the block, where it was parked facing Blackstone Park. From their position the officers had an unobstructed view of the defendant and the others who were beneath a light in the center of the park.

The defendant and one of the men, later identified as one Diaz, touched hands, but the police did not observe what, if anything, was passed between them. Diaz imme-

diately started to walk away. At that moment the officers drove into the park. As they approached the defendant and Diaz, each of the latter threw something to the ground. Five bags of heroin were found near where the defendant stood, and a small quantity of cocaine was found near Diaz. The defendant had $41 on his person and Diaz had $146. The defendant testified that he had been a heroin addict for eighteen years and had gone to the park to purchase heroin.

1. Assuming that it could have been inferred from that evidence that the defendant had just sold cocaine and was about to sell heroin to Diaz, it was at least equally inferable that the defendant had purchased the heroin from Diaz and that Diaz had had possession of the cocaine throughout the transaction (if there was one). The evidence as to the touching of hands was inconclusive both as to the passage of either drug and as to the direction of any such passage. "When the evidence tends equally to sustain either of two inconsistent propositions, neither of them can be said to have been established by legitimate proof." *Commonwealth* v. *Croft,* 345 Mass. 143, 145 (1962). The motion for a directed verdict as to the indictment charging distribution of cocaine (No. 77803) should have been allowed. As to the other indictment (No. 77802), the motion should have been allowed as to so much thereof as charged intent to distribute.

2. The evidence in the case was concluded in one day, and the case was continued for arguments and charge. On the following morning, after the jury were seated and prior to arguments, the defendant summoned his attorney and demanded to be allowed to tell the jury that the police officers had lied and that the transcript of the District Court hearing would prove it. He was informed by his attorney that it was his understanding that there was no District Court transcript. The substance of that conversation was reported to the judge, who was also informed that the defendant was excited and insisted on making a statement to the jury. The judge had the defendant brought to the side of the bench and inquired what he wanted. The

defendant reiterated his contention that the police had lied and that he wanted a transcript of the District Court hearing. Defense counsel again informed his client of his understanding that no such transcript existed; whereupon the defendant became excited and in a voice loud enough for the jury to hear, repeated his allegation that the police had lied. He was cautioned to speak softly by the judge, the court officers, and defense counsel. The defendant continued to talk loudly, several times stating "I declare this case a mistrial." [1] He was thereupon instructed to return to the dock and to remain silent during arguments. The defendant refused to do so. After instructing the defendant four or five times to return to the dock, and after receiving no answer from the defendant to his question whether he would remain silent, the judge instructed the court officers to remove the defendant from the courtroom. The defendant was thereupon removed to a detention cell, where he was seen by his attorney and where he again refused his attorney's request that he remain silent. That fact was reported to the judge. The arguments were made and the charge was given in the defendant's absence. The defendant's exception to this procedure was noted, as well as his exception to the denial of his motion for a mistrial. There was no error.

The right of a defendant to be present at his trial can be forfeited by his misconduct, provided he has been appropriately warned and continues his disruptive behavior despite such warning. He may be barred from the courtroom until such time as he indicates his willingness to conduct himself "consistently with the decorum and respect inherent in the concept of courts and judicial proceedings." *Illinois* v. *Allen,* 397 U. S. 337, 343 (1970). See *Snyder* v. *Massachusetts,* 291 U. S. 97, 106 (1934). Compare A. B. A. Standards Relating to the Function of the Trial Judge, § 6.8 (Approved Draft, 1972). The refusal of the defendant to remain quiet, even when requested to do so after his removal from the courtroom, indicated his unwillingness to

---

[1] This was treated by the judge as a motion for a mistrial.

return to the courtroom and behave appropriately. There is no suggestion in the record, nor does the defendant now assert, that he was at any time thereafter willing to return to court and moderate his conduct so as not to disturb the decorum of the court. The judge's action in removing the defendant was a proper exercise of his discretion, and there was no abuse of that discretion in refusing to grant a mistrial.

The defendant's exception to the denial of his motion for a directed verdict on indictment No. 77803 is sustained; the verdict on that indictment is set aside and judgment is to be entered thereon for the defendant. The defendant's exception to the denial of his motion for a directed verdict on so much of indictment No. 77802 as charges intent to distribute is sustained; the defendant is to be resentenced on that indictment as for simple possession of heroin. See G. L. c. 278, § 12; *Commonwealth* v. *Novicki,* 324 Mass. 461, 467 (1949); *Commonwealth* v. *Franks,* 365 Mass. 74, 81-82 (1974); *Commonwealth* v. *Eaton,* 2 Mass. App. Ct. 113, 117-120 (1974).

*So ordered.*