COMMONWEALTH *vs.* DONALD KELLEY (and three companion cases[1]). December 29, 1976. The defendants appeal pursuant to G. L. c. 278, §§ 33A-33G, from their convictions of rape and of kidnapping. (They were found not guilty of assault by means of a dangerous weapon.) There was no error. 1. Relative to the victim's emotional behavior during the trial and while she remained in court as a spectator, the record does not disclose any abuse of discretion in the judge's refusals (a) to exclude the victim from the court room, see *Commonwealth* v. *Senati,* 3 Mass. App. Ct. 304, 307-308 (1975), (b) to order a psychiatric examination of her, *Commonwealth* v. *Fillippini,* 1 Mass. App. Ct. 606, 608-609 (1973), and (c) to declare a mistrial, *Commonwealth* v. *Senati,* *supra,* at 308. See Annot., 46 A.L.R. 2d 949 (1956). The defendants did not contend below that the victim's conduct amounted to testimony as to which they had a right of cross-examination, and they are precluded from making that contention on appeal. *Milton* v. *Civil Serv. Commn.* 365 Mass. 368, 379 (1974). 2. The judge did not err in admitting a record of a prior conviction of Kelley under G. L. c. 233, § 21. The use of such evidence was not unconstitutional on its face or as applied. For the reasons stated in *Commonwealth* v. *DiMarzo,* 364 Mass. 669, 678-679 (1974), (Hennessey, J., concurring opinion) there was no error. The judge's finding that the defendant had been represented by counsel at the time of the conviction was warranted on the record before us. 3. We have examined each of the five assignments of error based on exceptions taken to evidentiary rulings and have discerned no error. A separate discussion of them would add nothing to the jurisprudence of this Commonwealth. 4. At the conclusion of the evidence the defendants renewed and excepted to the denials of their motions for directed verdicts. Based on those exceptions the defendants have assigned as error the judge's failure to grant directed verdicts or a mistrial after the verdicts were returned. In support of that contention the defendants argue in this court that the verdicts were inconsistent. No mention of any such contention was made to the judge upon receipt of the verdicts or at any time thereafter. An attempt such as this to distort an exception not only avails the defendants nothing, it is improper.

*Judgments affirmed.*

*Edward T. Dangel, III (Alan S. Geismer, Jr.,* with him) for the defendants.

*John A. Kiernan,* Assistant District Attorney, for the Commonwealth.