COMMONWEALTH *vs.* LEE BROWN. December 11, 1981. There was no error in the defendant's trial on an indictment charging him with a second violation of G. L. c. 94C, § 32, possession of marijuana with the intent to distribute that drug.

It was the Commonwealth's theory of prosecution that the defendant was using a residence, the home of his former wife, as a cache for marijuana which he sold from a variety store under his control. Search warrants for both locations were obtained and executed. A large quantity of marijuana, manila envelopes, and other items of drug paraphernalia were seized at the residence; a lesser amount of marijuana, as well as two boxes of manila envelopes, similar to those found at the residence, were taken from the store.

1. The identity of the confidential informant was properly withheld from the defendant, both at the suppression hearing and at the trial. The defendant filed an affidavit in which he denied that he had spoken with, or sold marijuana to an informant, as alleged and described in the affidavit in support of the applications for the search warrants. (a) The defendant's denials do not constitute "an adequate threshold demonstration either (1) that the police have fabricated the informant's existence or counterfeited the corroboration for his tip, or (2) that the police have relied upon and used information that they knew was patently unreliable." *Commonwealth* v. *Abdelnour*, 11 Mass. App. Ct. 531, 536 (1981). Nor do the denials rise to the level of "a strong preliminary showing that the police conduct appears inexplicable in light of what is actually claimed to have been reported to them by the informant." *Id.* at 536 n.5. (b) The defendant was not tried for his transactions with the informant, and "there was no showing as to how the informant's identity if produced could have been helpful to establish the defendant's innocence at trial." *Id.* at 538. Contrast *Commonwealth* v. *Ennis*, 1 Mass. App. Ct. 499, 502 (1973), where the defendant was charged with the sale of marijuana, and "[t]he testimony of the informer, whom the police officer placed at the sale, was obviously crucial."

2. There is no merit in the defendant's contention that the Commonwealth improperly combined two separate offenses, one at each of the

locations, or that the judge erred in refusing "to sever testimony and evidence received from the two locations." Cf. *Commonwealth* v. *Stasiun*, 349 Mass. 38, 45 (1965); *Commonwealth* v. *England*, 350 Mass. 83, 87-88 (1966); *Commonwealth* v. *Benjamin*, 3 Mass. App. Ct. 604, 617-618, 626-628 (1975).

3. We see no prejudice to the defendant from the Commonwealth's failure timely to produce for his inspection certain documents that described the defendant's address as being that of the residence in question and which were taken during the search of the house and which were admitted in evidence to show that he was more than a casual visitor at the premises. See *Commonwealth* v. *Adrey*, 376 Mass. 747, 755 (1978); *Commonwealth* v. *Gilbert*, 377 Mass. 887, 894-896 (1979). We do not consider whether the failure to list these documents on the return of the warrant, see G. L. c. 276, § 3A, required their exclusion from evidence, see *Commonwealth* v. *DeMasi*, 362 Mass. 53, 59 (1972), and 2 LaFave, Search and Seizure § 4.12, at 187-188 (1978), as the defendant has provided us with neither a copy of the warrant and the inventory in dispute, see Mass.R.A.P. 18(a), as amended, 378 Mass. 940 (1979), nor argument within the meaning of Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

4. There was no error in the denial of the defendant's motion for a required finding of not guilty filed at the end of the Commonwealth's case. There was sufficient evidence from which the jury could find that the defendant had knowledge and control of the marijuana at both locations. *Commonwealth* v. *Nichols*, 4 Mass. App. Ct. 606, 613 (1976). *Commonwealth* v. *Fiore*, 9 Mass. App. Ct. 618, 623-624 (1980), cert. denied, 449 U.S. 938 (1980).

*Judgment affirmed.*

*John F. Donahue* for the defendant.

*William T. Walsh, Jr.*, Assistant District Attorney, for the Commonwealth.