COMMONWEALTH *vs.* JOSEPH TRIPP. October 7, 1982. The defendant was convicted and sentenced to a term of years at the Massachusetts Correctional Institution at Walpole on an indictment (No. 034144) charging unlawful possession of a Class A controlled substance (heroin) with intent to distribute. He was also convicted of the lesser offense of possession on a second indictment (No. 034145) charging unlawful possession of a Class B controlled substance (cocaine) with intent to distribute. This latter con-

viction was placed on file and is not before us on this appeal. The defendant argues, correctly in our view, that it was error for the judge to have denied his motion for a required finding of not guilty on so much of the former indictment as charged intent to distribute.

The evidence introduced in the Commonwealth's case may be summarized as follows. Acting on a telephone tip, five police detectives went to a lounge on Boylston Street in Boston about 1:20 A.M. on October 23, 1980. Upon entering, they observed patrons of the lounge on the dance floor, at two bars, and seated at tables. The officers proceeded to the rear of the lounge. There one of the detectives observed the defendant with glassine bags in his hand conversing with another man who appeared to be counting money. This detective immediately arrested the defendant and seized eight glassine bags from his hand. These bags were later determined to contain heroin. A subsequent search at the police station uncovered two smaller glassine bags containing heroin in one of the pockets of the defendant's trousers and two paper packets containing cocaine in one of his socks. No other drugs, drug paraphernalia, or money were found on the defendant. The man observed counting the money was not arrested. A police detective was permitted to give expert testimony that each bag of heroin seized from the defendant's hand was a "New York Quarter" having a street value of between $80 and $90, and that the two smaller bags of heroin taken from the defendant's pants pocket were "New York Half-quarter[s]" with a street value of about $40 each. This witness also expressed the opinion that the packaging of the drugs was as consistent with purchase as it was with distribution.

Assuming that it could be inferred that the defendant had just made a sale of eight bags of heroin and was waiting for the purchaser to count out and hand over the money, it was at least equally inferable that the defendant had just purchased the heroin for himself and was waiting for the seller to confirm correct payment. See *Commonwealth* v. *Senati*, 3 Mass. App. Ct. 304, 305-306 (1975). The Commonwealth's expert witness offered no evidence about the use of heroin from which it could be inferred that the amount of drugs seized from the defendant was more consistent with distribution than with personal use. No money or other items consistent with drug sales were found on the defendant, contrast *Commonwealth* v. *Davis*, 376 Mass. 777, 779 (1978); there was nothing about the packaging, size or value of any of the bags to indicate that sales were intended, contrast *Commonwealth* v. *Scala*, 380 Mass. 500, 511 (1980); no contact between the defendant and any known drug users was observed, contrast *Commonwealth* v. *Cooke*, 3 Mass. App. Ct. 708 (1975); there was no evidence that the defendant was not a user of drugs, contrast *Commonwealth* v. *Nichols*, 4 Mass. App. Ct. 606, 614 (1976); and there was nothing to show that the defendant's drugs were part of a larger "stash", contrast *Commonwealth* v. *Brown*, 12 Mass. App. Ct. 988 (1981). Compare *Commonwealth* v. *Wooden*, 13 Mass. App. Ct. 417, 418-419, 422-423

(1982). Nor do we think that support for an intent to distribute heroin may be gleaned from the possession of the amount of cocaine which the jury found insufficient to support an intent to distribute cocaine. See and compare *Commonwealth* v. *Ellis*, 356 Mass. 574, 575-576, 579 (1970). Cases which have sustained a finding of intent to distribute based on quantity alone have relied on amounts far greater than the amounts here. See, e.g., *Commonwealth* v. *Gill*, 2 Mass. App. Ct. 653, 656 (1974) ("a 'hundred some-odd' bags of heroin"); *Commonwealth* v. *Baltrop*, 2 Mass. App. Ct. 819, 820 (1974) (375 bags of heroin). And where the amounts are relatively small, and consistent with personal use, we have ruled in the absence of evidence such as that previously described, that the element of intent to distribute has not been proved. See, e.g., *Commonwealth* v. *Senati, supra* at 306 (five bags of heroin); *Commonwealth* v. *Wooden, supra* at 423-424 (twelve packets of drugs worth $660). We conclude that "[i]n choosing among the possible inferences from the evidence presented, a jury necessarily would have had to employ conjecture." *Commonwealth* v. *Croft*, 345 Mass. 143, 145 (1962). The motion for a required finding of not guilty on the greater offense should have been allowed. In view of our holding, the other issue argued need not be reached.

The judgment on indictment No. 034144 is reversed, and the matter remanded to the Superior Court where a finding of not guilty is to enter on so much of that indictment as charges the defendant with intent to distribute heroin. The defendant is then to be resentenced on the finding against him on the lesser offense of possession of heroin. G. L. c. 278, § 12.

*So ordered.*

*Daniel E. Callahan* (*Stephanie Page* with him) for the defendant.

*Robert W. Nelson, Jr.*, Assistant District Attorney, for the Commonwealth.