COMMONWEALTH *vs.* BRUCE REID.

No. 90-P-353.

Worcester. October 12, 1990. - November 27, 1990.

Present: KASS, FINE, & IRELAND, JJ.

*Controlled Substances. Practice, Criminal,* Required finding, Lesser included offense, Instructions to jury. *Evidence,* Nonexistence of evidence.

At the trial of a complaint for unlawful possession of cocaine with intent to distribute, the defendant's motion for a required finding of not guilty on so much of the complaint as alleged intent to distribute should have been allowed where the evidence of the defendant's actions showed that he was equally as likely to have been the purchaser as the seller [538-539]; the evidence having been sufficient to support a verdict on the lesser included offense of possession, the case was remanded for resentencing on that offense [539-540].

In the circumstances of a criminal case, the judge's refusal to give a requested instruction on evidence of failure to follow normal police procedure did not require that the defendant be granted a new trial. [540-541]

No substantial risk of a miscarriage of justice was created by two comments in the judge's instructions to the jury at a criminal trial. [541]

COMPLAINT received and sworn to in the Worcester Division of the District Court Department on November 4, 1988.

The defendant having waived indictment, the case was tried in the Superior Court before *James P. Donohue,* J.

*M. Page Kelley,* Committee for Public Counsel Services, for the defendant.

*Sean J. Gallagher,* Assistant District Attorney, for the Commonwealth.

FINE, J. The defendant was convicted of possession of cocaine with intent to distribute. G. L. c. 94C, §§ 31, 32A. The jury heard the Commonwealth's evidence from two Worcester police officers.

At approximately 9:30 P.M. on November 3, 1988, the officers, dressed in civilian clothes and seated in an unmarked cruiser, were observing an area behind a liquor store in Worcester. They saw a sedan pull up: a man in his fifties was in the driver's seat; a woman in her late twenties was in the passenger seat. The woman left the car, walked to the corner where a group of men were standing, conversed with them for about a minute, and returned to the car. About a minute later, the defendant approached the passenger side of the car from somewhere in the area of the liquor store. He leaned inside briefly, apparently conversing, and then walked away. The car drove off and, a short while later, returned to the same location. As it approached the liquor store, the defendant came out of the store and motioned for the car to stop. As the defendant opened the front passenger door, one of the police officers heard him say the words "forty dollars." He entered the front seat, and the car drove off, but again returned to the area behind the liquor store. The police officers approached. After starting to pull away, the car stopped. The defendant was bending forward, "bobbing" and reaching down. On the floor near where he had been sitting, the police found a twenty-dollar bill, a ten-dollar bill, and .32 gram of cocaine wrapped inside another ten-dollar bill. The street value of the cocaine was around forty dollars.

The defendant was arrested. The driver and passenger were allowed to leave. Their names were not recorded, and they never appeared in the criminal proceedings. Normal police procedures would have required at least that their names be recorded.

At the close of the Commonwealth's case, the defendant moved for a required finding of not guilty on so much of the complaint as alleged intent to distribute. The motion was denied. The defense rested after calling one of the officers back to the stand briefly to clarify whether the female passenger had been searched.

1. We agree with the defendant's argument on appeal that the motion should have been allowed. The jury were warranted in finding that the three individuals, in an area of

high drug activity, were engaged in an exchange of cocaine for money. On the scanty evidence of the defendant's actions, however, it was equally as likely that the defendant was the purchaser as that he was the seller. See *Commonwealth* v. *Senati*, 3 Mass. App. Ct. 304, 306 (1975); *Commonwealth* v. *Tripp*, 14 Mass. App. Ct. 997, 998 (1982).

The defendant may well have approached the car to sell the occupants cocaine, as the Commonwealth contends. It is equally plausible, however, that the female passenger had approached the group outside the liquor store to offer to sell cocaine and that the defendant, having learned of the offer, took her up on it. As the officers could not hear the conversation between the defendant, standing outside the car, and its two occupants, the defendant's uttering the words "forty dollars" is indicative only of the fact that they were discussing price, not who was buying and who selling.

In the final analysis, the Commonwealth is left with the argument that "buyers approach sellers much more often then sellers approach buyers." Even assuming that proposition to be valid, it does not assist the Commonwealth in this case where there was no evidence that the defendant was in the group that the female first approached. "In choosing among the possible inferences from the evidence presented, [the] jury necessarily would have had to employ conjecture." *Commonwealth* v. *Croft*, 345 Mass. 143, 145 (1962). See *Commonwealth* v. *Salemme*, 395 Mass. 594, 599-600 (1985). The motion for a required finding of not guilty of the greater offense should have been allowed.

We raise on our own the question whether the defendant is entitled now to an outright acquittal[1] or only to have vacated the finding on so much of the charge as alleges possession of cocaine with intent to distribute. At trial no instruction on the lesser included offense of simple possession was given because, when the judge offered so to instruct the jury, neither the defendant nor the Commonwealth asked him to do so.

---

[1] On the claim of the insufficiency of the evidence of distribution, the defendant's brief asks only that the charge be reduced to simple possession.

While the charge of simple possession of cocaine was not expressly before the jury, the indictment against the defendant comprehended the lesser included offense, and the verdict clearly imports a finding of all its essential elements. See *Commonwealth* v. *Novicki*, 324 Mass. 461, 465, 467 (1949); *Commonwealth* v. *Senati*, 3 Mass. App. Ct. at 308; *Commonwealth* v. *Tripp*, 14 Mass. App. Ct. at 999. We can think of no reason based upon precedent, logic, or fairness why an appellate court should order an acquittal rather than a resentencing on the lesser included offense under such circumstances. See *Commonwealth* v. *Harris*, 23 Mass. App. Ct. 687, 688-689, 693 (1987); *Commonwealth* v. *Pimental*, 25 Mass. App. Ct. 971, 971-972, 974 (1988); *Commonwealth* v. *Cobb*, 26 Mass. App. Ct. 283, 284 & n.1 (1988); *Commonwealth* v. *Robinson*, 26 Mass. App. Ct. 441, 444-446 (1988).

2. Relying on *Commonwealth* v. *Bowden*, 379 Mass. 472, 486 (1980), the defendant claims he is entitled to a new trial because the judge declined to instruct the jury that failure to follow normal police procedures may create reasonable doubt as to a defendant's guilt. According to the evidence, the police officers failed to record the names of the driver of the car and the passenger, and, as a result, they never appeared in the criminal proceedings. The two individuals were percipient witnesses to the incident and possibly, also, participants in the alleged offense. Not only would it have been normal procedure to record their names; it was highly improper not to do so.[2] The *Bowden* case only holds, however, that a judge in his instructions should not remove from the jury's consideration evidence of failure to follow normal police procedures. A judge has discretion whether to give an instruction such as the one the defendant requested in this case. See *Commonwealth* v. *Andrews*, 403 Mass. 441, 463 (1988); *Commonwealth* v. *Phong Thu Ly*, 19 Mass. App. Ct. 901, 902 (1984).

---

[2]Although the defendant makes no claim of racially discriminatory prosecution, we note that the defendant is black; the other two individuals in the car were described as white.

The defendant contends that failure to give the requested instruction in this case was an abuse of discretion because his entire defense rested on that theory and because the instructions and the prosecutor's argument, together, created the impression in the jury's mind that the evidence should not be considered. While we agree it might have been preferable for the judge to inform the jurors that the evidence of police omissions could create a reasonable doubt, we do not agree that the instructions, read in their entirety, left any misimpression on the jury's mind. Moreover, consideration by the jury of evidence of inadequate police procedures might have influenced their decision on the element of intent to distribute the cocaine; it is unlikely, however, that the evidence would have affected the outcome of a trial on a charge of simple possession of cocaine.

3. Finally, the defendant contends that two comments in the judge's charge improperly suggested to the jury that the defendant was guilty. First, an example used to illustrate constructive possession was similar to the evidence on which the Commonwealth based its claim that the defendant constructively possessed the cocaine. Second, the use of the words "or whatever it was [the defendant] had" suggested he was in possession of *something* and, according to the evidence, either he possessed the cocaine and the money found on the floor of the car or he possessed nothing. No objection was taken to either comment. We find no impropriety in the first comment. Considering the second comment in the context of the charge as a whole, because of its brevity and isolation, we find no substantial risk of a miscarriage of justice meriting a new trial.

The matter is remanded to the Superior Court where a finding of not guilty is to enter on so much of the complaint as charges the defendant with intent to distribute cocaine. The defendant is to be resentenced on the lesser offense. See G. L. c. 278, § 12.

*So ordered.*