Commonwealth *vs.* Alex French.

Bristol. December 6, 2011. - April 17, 2012.

Present: Ireland, C.J., Spina, Cordy, Botsford, Gants, Duffly, & Lenk, JJ.

*Rape. Joint Enterprise. Practice, Criminal,* Verdict, Lesser included offense. *Due Process of Law,* Notice. *Judicial Estoppel.*

This court concluded that a substantial risk of a miscarriage of justice arose from a criminal defendant's conviction of aggravated rape by joint enterprise, in the circumstances of a trial in which the jury acquitted the only possible joint venturer whose involvement was permitted to be considered on the statutory element of aggravation by reason of joint venture, where the conviction as sole joint venturer was impossible at law [45-46]; further, this court affirmed so much of the defendant's conviction as constituted the lesser included offense of rape, although the jury had not been instructed on it, where the error that led to a verdict that was impossible at law affected only the element of aggravation by reason of joint venture, i.e., the element that distinguished the greater from the lesser offense [46-49]; where the defendant was duly placed on notice that rape was a lesser charge for which he was being prosecuted, was fully aware that the structure of the charges being prosecuted included the crime of rape, and the thrust of the defense at trial was consent of the victim rather than joint venture [50-51]; and where the principle of judicial estoppel did not apply [51-52].

Indictment found and returned in the Superior Court Department on March 25, 2004.

The case was tried before *E. Susan Garsh,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*James A. Reidy* for the defendant.

*David J. Gold,* Assistant District Attorney, for the Commonwealth.

Spina, J. Alex French (defendant), Jason Bing, and David Kimble were indicted for the crime of aggravated rape, with joint enterprise as the sole aggravating factor. Bing was tried first and was convicted. The defendant and Kimble were tried together. The defendant was convicted and Kimble was acquitted.

The jury were instructed, without objection, that the defendant could be convicted only on a theory of principal liability.[1] That is, the jury were instructed that the defendant could be convicted only if the Commonwealth proved that he had sexual intercourse with the victim by force and against her will, and that the sexual intercourse was committed by joint venture with Kimble. The judge denied the Commonwealth's belated request that the jury be instructed that Bing could be considered as a joint venturer, ruling that at this trial there was insufficient evidence of Bing's involvement in a joint venture.[2] She recalled that Bing had implicated himself as a joint venturer in statements admitted in evidence at his own trial, but noted there was no comparable evidence in this trial. At the request of counsel for the defendant and Kimble, the judge did not instruct the jury that they could consider returning a verdict on the lesser included offense of rape, a matter on which the Commonwealth was silent.

The defendant appealed, and the Appeals Court affirmed his conviction in an unpublished memorandum and order pursuant to its rule 1:28. *Commonwealth* v. *French*, 74 Mass. App. Ct. 1107 (2009). The defendant filed an application for further appellate review, which was denied without prejudice; his case was remanded to the Appeals Court for reconsideration in light of our decision in *Commonwealth* v. *Medeiros*, 456 Mass. 52 (2010). *Commonwealth* v. *French*, 457 Mass. 1101 (2010). After reconsideration, in an unpublished memorandum and order pursuant to its rule 1:28, the Appeals Court affirmed so much of the defendant's conviction as constituted the lesser included offense of rape, and remanded the case to the Superior Court for resentencing on the lesser included offense. See *Commonwealth* v. *French*, 77 Mass. App. Ct. 1114 (2010). We granted the defendant's application for further appellate review.

On appeal, the defendant argues that, apart from this court's

---

[1]This case was tried in May, 2006, before our decision in *Commonwealth* v. *Zanetti*, 454 Mass. 449 (2009). The defendant and Kimble moved for a required finding of not guilty at the close of the Commonwealth's case. The defendant's motion was denied. Kimble's motion was denied as to joint venture liability, but allowed as to principal liability.

[2]There was no discussion regarding Bing's exclusion from consideration by the jury until after the judge's instructions to the jury. The subject never arose during the charge conference.

authority in capital cases under G. L. c. 278, § 33E, an appellate court is without authority to order entry of conviction of a lesser included offense.[3] He further argues that, where the Commonwealth did not request an instruction on the lesser included offense and the conviction on the greater offense is a nullity, the Commonwealth is not entitled to entry of a conviction on the lesser included offense. We agree with the Appeals Court, and now vacate so much of the conviction as alleges aggravated rape, let stand his conviction as to the lesser included offense of rape, and remand the case to the Superior Court for sentencing as to the crime of rape.

1. *Background.* On January 10, 2004, the defendant and the victim, who were high school classmates, went together to a party at Bing's home. Bing, Kimble, and the defendant had played together on their high school basketball team and were friends. Bing and Kimble graduated the previous year. The defendant and the victim were seniors. The victim had understood that the party would be a large gathering to watch a New England Patriots playoff game. When the victim and the defendant arrived at Bing's home, only Bing and Kimble were there.[4] Everyone went to a room in the basement. Alcohol was available and the victim testified she became intoxicated. She said the defendant and Kimble carried her up two flights of stairs to Bing's bedroom, where they removed her clothes. The victim told the men she had

[3]The defendant also notes that trial judges have such power under G. L. c. 278, § 11, and Mass. R. Crim. P. 25 (b) (2), 378 Mass. 896 (1979). After trial, the defendant timely filed a motion for postconviction relief under Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), in which he claimed the guilty verdict on the indictment alleging aggravated rape by reason of joint venture must be vacated and a new trial ordered because the jury acquitted Kimble, thereby rendering the defendant's conviction an impossibility. Alternatively, the defendant sought a reduction of the conviction to the lesser included offense of rape, pursuant to rule 25 (b) (2), as being consonant with justice. See *Commonwealth* v. *Woodward*, 427 Mass. 659, 666-667 (1998). The motion was denied. He has not appealed from the denial of that motion. Cf. *Commonwealth* v. *Woods*, 382 Mass. 1, 7-9 (1980) (defendant may appeal from denial of rule 25 [b] [2] motion seeking reduction of conviction). On appeal, the defendant has not argued that he is entitled to a new trial or, consonant with justice, that the degree of guilt found by the jury should be reduced to rape.

[4]There was some, though conflicting, evidence that an unindicted fourth male was in the home at one point. He purposefully was not called by any party to testify.

to be home by 8 P.M. One of them responded, "That would be fine." She heard someone say, "Get the condoms," then she passed out. When she awoke, she was naked and vomiting. She had no sensation in her legs, and partial sensation in her arms. The defendant and Bing entered the bedroom. They took twenty dollars from her purse. The victim believed she had been sexually assaulted, and testified she had not consented to intercourse with anyone.

The victim telephoned two friends for help, but they hung up. What she did not know was that they telephoned her father. She telephoned a third friend, who then went to Bing's home. He also telephoned the victim's father. The victim's father arrived at Bing's home. He removed the victim (who was now dressed) from the bed and carried her downstairs. Local police were summoned and the victim was taken by ambulance to a local hospital. A sample of her blood was drawn and her blood alcohol percentage was determined to be .09, which was consistent with the consumption of "about five shots" of alcohol.

Samples of fluid from three condoms found near the bed in Bing's bedroom were analyzed at the DNA unit of the Massachusetts State police crime laboratory. The defendant's DNA matched samples from one condom, and his DNA alone was found on that condom. He was included as a potential contributor to samples from the other two condoms. The defendant, but neither Bing nor Kimble, was a potential contributor to the sample from a vaginal swab from the victim. Bing's DNA matched a sample from one condom, and he was included as a potential contributor to a sample from another condom. The victim was included as a potential contributor to samples from two condoms. Kimble was excluded as a contributor to all samples.

Kimble testified in his own defense. He said that while everyone was partying downstairs the victim said she wanted to "have sex" with all the men. He walked upstairs with the defendant and the victim. Once inside Bing's bedroom the victim asked the two men who wanted to go first. She performed oral sex on Kimble in the presence of the defendant.[5] Kimble left the room after the defendant put on a condom and was about to

[5]At the time Kimble testified, his motion for a required finding of not guilty had been allowed in part, removing from the jury's consideration any possibility that he could be found guilty of rape as a principal.

have intercourse with the victim. Kimble went downstairs, then returned to the room a short time later. The defendant and the victim were having intercourse. The victim said she wanted to have sex with Bing. Kimble called down to Bing, who came up and had sexual intercourse with the victim. Kimble testified that the victim was not intoxicated.

2. *Discussion.* The defendant argues that the jury's verdicts at his trial were "impossible at law." *Commonwealth* v. *Medeiros*, 456 Mass. 52, 58 (2010) (*Medeiros*). This is because the defendant could not be guilty of aggravated rape by reason of joint venture where the only possible joint venturer whose involvement was permitted to be considered at trial on the statutory element of aggravation by reason of joint venture, Kimble, was acquitted. See *id.* at 59-60. The Commonwealth does not dispute that the defendant is entitled to the benefit of *Medeiros*, as his right to direct appellate review had not expired at the time *Medeiros* was announced. See *Commonwealth* v. *Bellamy*, 391 Mass. 511, 515-516 (1984). The Commonwealth also does not dispute that the defendant's conviction of aggravated rape may not stand.

We agree that the defendant is entitled to the benefit of *Medeiros* in his direct appeal. However, we must address the question of error and the applicable standard of review, matters not discussed in the briefs. The verdicts were inconsistent and impossible at law because the jury were not instructed that an acquittal of either the defendant or Kimble as a joint venturer on the statutory element of joint venture necessarily must lead to an acquittal of the other of the crime of aggravated rape. This was error. Cf. *Commonwealth* v. *Benesch*, 290 Mass. 125, 135 (1935) (error to fail to instruct jury in conspiracy case that one cannot be "a conspirator alone"). If the trial judge had had the benefit of our decision in *Medeiros*, we have no doubt that she would have instructed the jury that if the Commonwealth proved beyond a reasonable doubt that the defendant raped the victim and that the rape was committed by a joint venture between the defendant and Kimble, then they would be warranted in finding both men guilty of aggravated rape; but they could not find only one of the men guilty of aggravated rape, because one who acts alone may not be guilty of aggravated rape by reason of joint

venture. Cf. *Commonwealth* v. *French*, 357 Mass. 356, 406 (1970), judgments vacated as to death penalty sub nom. *Limone* v. *Massachusetts*, 408 U.S. 936 (1972) (jury correctly instructed that each defendant's involvement in conspiracy must be individually determined at joint trial, but one cannot conspire alone, and no defendant may be convicted of conspiracy unless at least one other is also guilty of conspiracy); *Commonwealth* v. *Nighelli*, 13 Mass. App. Ct. 590, 595-596 (1982) (same); *State* v. *Williams*, 255 N.C. 82, 88-89 (1961) (same). See *Sam Yick* v. *United States*, 240 F. 60, 66-67 (9th Cir. 1917). The error in this case was the failure to request and to give such an instruction, which would have averted the outcome that now is before us. Because the defendant neither requested an instruction precluding conviction as sole joint venturer nor objected to the judge's failure to give such an instruction, the error is unpreserved, even as to developments in the law occurring after trial and pending a defendant's direct appeal. We review for a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Bellamy*, *supra*; *Commonwealth* v. *Parham*, 390 Mass. 833, 846 (1984). Contrast *Commonwealth* v. *Pidge*, 400 Mass. 350, 354 (1987).

Because we have no way of knowing whether the jury, properly instructed, would have acquitted or convicted both the defendant and Kimble, we must resolve the issue in favor of the defendant. Therefore, even under the standard of a substantial risk of a miscarriage of justice, the defendant's conviction of aggravated rape by joint venture is impossible at law and may not stand. See *Medeiros*, *supra* at 58, 60. The Commonwealth does not dispute this conclusion. What is disputed, however, is the remedy, to which we now turn.

The defendant contends that his conviction must be vacated and a judgment of acquittal entered, as in *Medeiros*, because the conviction was impossible at law in its entirety. He relies heavily on the ultimate disposition of the aggravated rape conviction there and the denial of the Commonwealth's petition for rehearing in which it requested the same relief sought by the Commonwealth in this case: affirmance of so much of the conviction as comprised the lesser included offense of rape. In *Medeiros*, the Commonwealth argued for the first time in its petition for

rehearing that the defendant's conviction as to the lesser included offense of rape should stand. There was no need for us to consider the issue because it had not been raised in the Commonwealth's appellate brief. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975). The Commonwealth has made that argument in this case in its appellate brief.

A conviction of aggravated rape by reason of joint venture that is rendered impossible at law because of inconsistent verdicts need not result in an outright acquittal. This is because only the element of aggravation by reason of joint venture, which "by its nature requires a combination of individuals," falls within the rule of *Medeiros, supra* at 59. The lesser included crime of rape does not require a combination of individuals. As a matter of law, a defect in the element of aggravation by reason of joint venture does not necessarily affect the lesser included offense of rape.

The defendant also maintains that in *Medeiros* it was not the impossibility of the verdicts that compelled acquittal of the entire offense; rather it was the inconsistency of the verdicts that controlled. He quotes a passage from *Medeiros* where, during a discussion of inconsistent verdicts, we gave special importance to "the concern that the jury may have fundamentally misunderstood the nature of the crime charged." *Id.* at 59. We were discussing crimes generally that, by their nature, require a "united act of two or more individuals." *Id.*, quoting *Commonwealth* v. *Slate*, 11 Gray 60, 63 (1858). Our discussion then turned specifically to aggravated rape and its "statutory element" of joint venture. *Medeiros, supra* at 60. In aggravated rape, the "united act" of which we spoke goes solely to the element of aggravation by means of joint venture. It does not redefine or amplify the elements of the lesser included offense of rape, as the defendant suggests. If ever there were a doubt that aggravated rape was some new species of crime separate and apart from rape, the Legislature addressed the matter by stating clearly and unambiguously that rape is a lesser included offense of aggravated rape. G. L. c. 265, § 22 (*b*), fourth par. Any failure as to the element of aggravation does not affect the lesser included offense.

Allowing for the possibility that inconsistent verdicts in an

aggravated rape case might leave the court with a sense that a lesser included conviction of rape should not stand because somehow it was unreliable, this is not such a case. The judge instructed the jury that the defendant could be convicted of aggravated rape only if the Commonwealth proved beyond a reasonable doubt, as to the first element of the crime, the *defendant* engaged in sexual intercourse with the victim. The evidence that the defendant had sexual intercourse with the victim while she was wholly insensible was strong. See *Commonwealth* v. *Ascolillo*, 405 Mass. 456, 464 (1989); *Commonwealth* v. *Burke*, 105 Mass. 376, 380-381 (1870).[6]

The defendant argues that absent statutory authority an appellate court may not order entry of judgment on a lesser included offense where the jury, without objection, had not been instructed on the lesser included offense. Specifically, he contends that there is no authority by which the Appeals Court could have ordered his conviction to stand on the lesser included offense of rape where that option had never been given to the jury. He contends that such authority has been granted sparingly: it has been vested in the Supreme Judicial Court in capital cases only, pursuant to G. L. c. 278, § 33E, and it has been conferred on trial judges acting pursuant to G. L. c. 278, § 11, and Mass. R. Crim. P. 25 (b) (2), 378 Mass. 896 (1979). See *Commonwealth* v. *Woodward*, 427 Mass. 659, 666-671 (1998).

The defendant mistakes the *discretionary* authority conferred by statute on a court "to reduce a verdict *when there are no errors* in the trial proceedings, either because a lesser degree of guilt would rectify a disproportionate verdict or because it would be more consonant with justice" (emphasis added), *Commonwealth* v. *Gilbert*, 447 Mass. 161, 169 (2006), and cases cited, with the inherent power of an appellate court to vacate a sentence imposed "for a crime other than that of which [the defendant] was convicted" and "to take steps necessary *to correct the error*" that resulted in the conviction (emphasis added). *Commonwealth* v. *Franks*, 365 Mass. 74, 81 (1974).

In the *Franks* case, the defendant had been charged with

---

[6]This case was tried before our decision in *Commonwealth* v. *Blache*, 450 Mass. 583, 597 (2008), where we stated that case would apply only to cases tried after the issuance of its rescript.

forcible rape of a child. Consent was an issue in the case, and the evidence permitted the jury to return a verdict on the lesser included offense of statutory rape. The judge instructed the jury, erroneously, that there was no appreciable difference between the two crimes and submitted the case to the jury without giving them the opportunity to return a verdict on the lesser included offense. *Id.* at 78. The court noted that "[t]here is nothing in the record to indicate that the evidence would have been different, or that the case would have been tried differently, if the indictment had charged only the crime of statutory rape and not that of forcible rape." *Id.* at 77. Applying the substantial risk of a miscarriage of justice test, the court concluded because there was no way of knowing which degree of rape was found by the jury, the defendant would be deemed to have been convicted of the lesser included offense and remanded the case for resentencing on statutory rape. *Id.* at 80, 82. Applying a similar analysis involving a charge of attempted murder under G. L. c. 265, § 16, where a jury returned a verdict on an erroneously instructed lesser included offense of assault and battery, which is not a lesser included offense of attempted murder under the statute, the Appeals Court let stand that portion of the verdict as constituted simple assault, which is a lesser included offense under the statute. The court remanded the case for resentencing for simple assault. *Commonwealth* v. *Dixon*, 34 Mass. App. Ct. 653 (1993). See also *Commonwealth* v. *Lawless*, 103 Mass. 425 (1869).

Similar dispositions have been obtained in cases where the evidence was insufficient as a matter of law to support the offense charged but sufficient to support a lesser included offense. In each case a motion for a required finding of not guilty as to the greater offense was erroneously denied. See *Commonwealth* v. *Novicki*, 324 Mass. 461, 465 (1949); *Commonwealth* v. *Reid*, 29 Mass. App. Ct. 537, 539 (1990). Under our jurisprudence an appellate court may indeed reduce a conviction in certain circumstances to rectify error. Although the error here led to a verdict that was impossible at law, it affected only the element that distinguished the greater from the lesser offense, exactly what occurred in the other cases that fall within this rule. See *Commonwealth* v. *Franks*, *supra*.

The defendant next contends that because there was no lesser included option given to the jury, due process precludes an appellate court from affirming so much of his conviction as constitutes the lesser included offense of rape. His argument, which has no merit, is grounded in the claimed absence of notice of the charges against him and the claimed lack of opportunity to defend himself against such charges. In each of the cases referred to above, *Franks, Dixon, Lawless, Novicki,* and *Reid,* there was no instruction on the lesser included offense that was affirmed by the court. General Laws c. 265, § 22 (*b*), fourth par., expressly states that rape is a lesser included offense of aggravated rape. See *Commonwealth* v. *Sherry,* 386 Mass. 682, 694 (1982). As such, the lesser offense is deemed "well charged in the indictment." *Commonwealth* v. *Novicki, supra* at 467. See *Commonwealth* v. *Franks, supra* at 81-82. "While the charge of [rape] was not expressly before the jury, the indictment against the defendant comprehended the lesser included offense, and the verdict clearly imports a finding of all its essential elements." *Commonwealth* v. *Reid, supra* at 540. See *Commonwealth* v. *Franks, supra* at 79-80. Here, the judge's instructions included the elements of rape as well as the additional element of aggravation by reason of joint venture. The defendant was duly placed on notice that rape was a lesser charge for which he was being prosecuted.

There is no merit to the defendant's claim that he had no opportunity to defend against the lesser included offense of rape. There had been no discussion during trial until the charge conference, after all parties rested, concerning instruction on the lesser included offense of rape. Counsel for the defendant requested an opportunity to think about it overnight and to discuss it with the defendant. The decision to forgo an instruction on the lesser included offense was not made until the next day, just before closing arguments, at which time the judge removed any reference to the lesser included offense from her jury instructions and from the verdict slips. The defendant was fully aware that the structure of the charges being prosecuted included the crime of rape.

In addition, the thrust of the defense at trial was the consent of the victim, not joint venture. In his closing argument, trial

counsel never mentioned joint venture: his focus was on the element of consent, and he implied, largely based on Kimble's testimony, that the victim intended to have sexual relations with all three men. Trial counsel for Kimble followed a similar strategy in his closing, focusing on consent and making no reference to joint venture. There is nothing in the record to suggest this case would have been tried differently had the jury been instructed on the lesser included offense of rape, or had the defendant been charged only with rape. See *Commonwealth* v. *Franks*, *supra* at 77.

The defendant maintains that allowing so much of the verdict to stand as amounts to a conviction of rape unfairly treats the strategic decisions of the Commonwealth differently from those of the defendant by insulating the Commonwealth from the consequences of its choices. The flaw in this argument is that *Medeiros* changed the law after the defendant's trial by extending the "rule of consistency" applicable in conspiracy cases to the statutory element of aggravation by reason of joint venture in a charge of aggravated rape. See *Medeiros*, *supra* at 59, 60. The Commonwealth is merely requesting relief on appeal that flows logically from the defendant's reliance on case law that did not exist at the time of trial. Had the case law not changed with *Medeiros*, the defendant might well be facing an affirmance of his aggravated rape conviction. *Medeiros* did change the law, to the defendant's advantage. The Commonwealth's request, that we let stand that part of the conviction that is unaffected by the error, merely is a response in kind and not an attempt to effect a change in its trial strategy based on hindsight.

The defendant makes a related claim based on principles of judicial estoppel. That, too, must fail. Judicial estoppel is "an equitable doctrine that precludes a party from asserting a position in one legal proceeding that is contrary to a position it had previously asserted in another proceeding." *Blanchette* v. *School Comm. of Westwood*, 427 Mass. 176, 184 (1998). It applies equally to civil and criminal proceedings. See *Commonwealth* v. *DiBenedetto*, 458 Mass. 657, 671-672 (2011), and cases cited. Contrary to the defendant's claim that the Commonwealth opposed his rule 25 motion by claiming there was no evidence to support a lesser included offense conviction, the prosecutor was

merely responding to a series of questions from the judge about the relevance of the absence of an option for the jury to return a verdict on a lesser included offense when a judge considers a reduction of a verdict under rule 25 (b) (2). The prosecutor answered, "To that analysis no [relevance]," which was theoretical support for the defense request for a verdict reduction, and consistent with the prosecutor's written opposition to the defendant's rule 25 (b) (2) motion.[7] The prosecutor answered a follow up question from the judge, saying she had not requested an instruction on the lesser included offense because she "didn't feel there was any evidence to support the lesser included [offense] of rape." This was not argument against the motion, but the prosecutor's recalling for the judge the reason for her not requesting an instruction on the lesser included offense at trial. In the circumstances it certainly should not be the basis of an application of the principle of judicial estoppel.

3. *Conclusion.* The defendant's conviction of aggravated rape may not stand because the verdict as to the element of aggravation by reason of joint venture is impossible at law due to the acquittal at the same trial of the only person whom the jury were permitted to consider as a joint venturer with the defendant. We are satisfied that the verdicts did not affect so much of the verdicts as comprised the lesser included offense of rape, and that portion of the conviction may stand. The matter is remanded to the Superior Court for resentencing on the lesser included offense of rape.

*So ordered.*

---

[7] In her written opposition, the prosecutor acknowledged the power of the trial judge to reduce the verdict in this case, but maintained it should be used sparingly. She further stated, "There was overwhelming evidence of the [d]efendant's guilt of aggravated rape." This necessarily includes rape.