DAVID BRADFORD GILCHREST *vs.* COMMONWEALTH
(and a companion case[1]).

Suffolk.    September 17, 1973. — November 12, 1973.

Present    TAURO, C.J., REARDON, QUIRICO, BRAUCHER,
& HENNESSEY, JJ.

*Practice, Criminal,* Proceedings before Appellate Division of Superior Court, Sentence.

Where the Appellate Division of the Superior Court was not aware of a strained relation between appellants to it and their counsel, or of inadequacy of notice given to the appellants, and where counsel were ready to proceed it was not error to deny written requests for a continuance submitted by the appellants themselves [280-281]; but notwithstanding the failure of the appellants to demonstrate an abuse of discretion

---

[1]The companion case is John Francis Moynihan *vs.* Commonwealth.

Gilchrest *v*. Commonwealth.

justice would best be served by vacating the orders of the Appellate Division and sentences imposed pursuant thereto and granting a new hearing by it [281].

PETITIONS for writs of error filed in the Supreme Judicial Court for the county of Suffolk on December 17, 1971.

The cases were reserved and reported by *Hennessey,* J.

*Alexander Whiteside, II* (*Robert V. Greco* with him) for the petitioners.

*Wade M. Welch,* Deputy Assistant Attorney General (*James X. Kenneally,* Assistant Attorney General, with him) for the Commonwealth.

TAURO, C.J. Two petitions for writs of error are here after a hearing, reservation and report by a single justice of this court.

The following pertinent facts appear from the "Findings of Fact" by the single justice. On July 5, 1968, the petitioners David Bradford Gilchrest and John Francis Moynihan were indicted for confining for the purpose of stealing, for robbing and for murdering Carolyn Gouveia.[2]

On July 19, 1968, counsel was appointed in the Superior Court to represent the petitioner Gilchrest after a determination was made that he was indigent. Moynihan retained private counsel.

On October 21, 1968, pleas of not guilty which had been entered on July 10, 1968, on behalf of both petitioners were retracted and pleas of guilty were entered on all six indictments.[3]

---

[2]Indictment No. 81092 charged the petitioner David B. Gilchrest with the murder of one Carolyn Gouveia on May 17, 1968; indictment No. 81093 charged the petitioner with confining Carolyn Gouveia for the purpose of stealing; and indictment No. 81094 charged the petitioner with robbery from Carolyn Gouveia.

Indictment No. 81095 charged the petitioner John F. Moynihan with the murder of one Carolyn Gouveia on May 17, 1968; indictment No. 81096 charged the petitioner with confining Carolyn Gouveia for the purpose of stealing; and indictment No. 81097 charged the petitioner with robbery from Carolyn Gouveia.

[3]Gilchrest pleaded guilty to so much of indictment No. 81092 as charged murder in the second degree. Gilchrest pleaded guilty to indictment No. 81093 for confining and pleaded guilty to indictment No. 81094 for robbery. Moynihan pleaded guilty to so much of indictment No. 81095 as charged murder in the second degree and he pleaded guilty to indictment No. 81096 for confining and to indictment No. 81097 for robbery.

Gilchrest *v.* Commonwealth.

The pleas were accepted and each petitioner was sentenced to concurrent life terms on the three indictments.

On October 24, 1968, both petitioners, against advice of their counsel, appealed to the Appellate Division of the Superior Court the sentences imposed on indictments charging confining and robbery.

On December 20, 1968, both petitioners, pro se, filed motions in the Superior Court to withdraw pleas of guilty.· On May 1, 1969, after hearing, their motions were denied, and on appeal, the orders denying the motions were affirmed. See *Commonwealth* v. *Gilchrest, ante,* 272 (1973).

On January 14, 1969, the petitioners filed motions, pro se, in the Superior Court for the appointment of counsel asserting that they were indigent and they did not want to be represented by their present counsel. Prior to the appointment of new counsel the pertinent papers as to the petitioners' appeals to the Appellate Division wère transmitted thereto by a clerk of the Superior Court listing the names of the original counsel as lawyers for the pétitioners. Notice was given to original counsel of the appeals which were to be heard on February 19, 1969. On the morning of February 19, a motion for a continuance was prepared for the petitioners by someone at the Massachusetts Correctional Institution at Walpole. The motions were presented to the Appellate Division. The motions recited some of the difficulties the petitioners were having with their counsel. The motions were denied.[4]

The petitioners argue, inter alia, that the Appellate Division of the Superior Court should have granted their request for a continuance. We agree but not on the basis of abuse of

[4]On February 19, 1969, the Appellate Division entered orders that the life sentences on indictments Nos. 81093 and 81096 (confining) be served from and after the sentence on indictments Nos. 81092 and 81095 (murder) and that the appeals on indictments Nos. 81094 and 81097 be dismissed. The petitioners were never sentenced pursuant to these orders.

On February 26, 1969, the orders amending the judgments were revoked by the Appellate Division. New orders that the judgments imposing sentences on indictments Nos. 81093 and 81096 (confining) be amended by substituting for the concurrent sentences of life imprisonment sentences to not more than ten nor less than nine years to take effect from and after the sentences to life imprisonment on indictments Nos. 81092 and 81095 (murder) and that the appeals be dismissed on indictments No. 81094 and No. 81097 (robbery). The petitioners were brought before the Appellate Division and sentenced pursuant to these orders.

discretion. The denial of the motions appears to have resulted from a number of unusual circumstances which never came to the attention of the Appellate Division. Clearly, the petitioners were having serious misunderstandings with their counsel. The nature of the strained relationship and the confusion which resulted were not made known to the Appellate Division. Although the court had before it written requests for a continuance, the petitioners' original counsel were present and ready to go forward. The hearing was in fact held and the lawyers presented arguments on the appeals but did not ask for a continuance. Although the notice of hearing to the petitioners seems to have been adequate (the night before), this fact was not brought to the court's attention.

In these circumstances we think that justice will best be served if the orders of the Appellate Division and the subsequent sentences are vacated and a new hearing is granted. A review of the entire record indicates that the original counsel for the petitioners as well as counsel subsequently appointed by the court rendered able and satisfactory service. The misunderstandings appear to have stemmed primarily from misguided advice the petitioners received elsewhere in the face of sound advice from their own counsel. In any event, the lack of common sense and good judgment on the petitioners' part in the circumstances does not require that the severity of the original sentences be increased.

In view of what has been said we do not reach the constitutional questions raised by the petitioners. Nor need we consider the fact that final sentences (after amendment of the initial orders by the Appellate Division) were imposed in the absence of the petitioners and their counsel.

The orders entered in the Appellate Division of the Superior Court are vacated; sentences entered pursuant to said orders are vacated; and the petitioners are to have a new hearing before the Appellate Division unless they withdraw their appeals.

*So ordered.*