COMMONWEALTH *vs.* CLEMIS FRANKS, JR.

Suffolk. January 5, 1976. — January 29, 1976.

Present: HENNESSEY, C.J., REARDON, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Practice, Criminal,* Sentence.

Where this court, in an appeal from a rape conviction, found that the defendant had been properly convicted of statutory rape but had been sentenced for the crime of forcible rape and remanded the case for resentencing of the defendant, and where after remand the trial judge resentenced the defendant to the original sentence, justice would best be served by remanding the case for resentencing of the defendant by a different Superior Court judge.   [609-610]

INDICTMENT found and returned in the Superior Court on June 30, 1969.

Following the decision reported in 365 Mass. 74, the defendant was resentenced by *Roy, J.*

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Albert L. Hutton, Jr.,* for the defendant.

*James A. Antonucci,* Legal Assistant to the District Attorney (*Kathleen M. Curry,* Assistant District Attorney, with him) for the Commonwealth.

BRAUCHER, J.  On April 8, 1974, we held that the defendant had been properly convicted of "statutory rape," a violation of G. L. c. 265, § 23, but that he had been sentenced for "forcible rape," a violation of G. L. c. 265, § 22A, notwithstanding an implied finding by the jury that he was not guilty of forcible rape.  We therefore set aside the sentence and remanded the case "for the sentencing of the defendant for his violation of G. L. c. 265, § 23." *Commonwealth* v. *Franks,* 365 Mass. 74, 78, 82 (1974).  On remand the same judge resentenced the defendant to the same sentence, saying, "My assessment of the gravity of the crime and the circumstances is precisely now what it was then."  We now hold that the resentencing did not comply with our rescript, and again vacate the sentence.  We remand the case for the resentencing of the defendant by a different Superior Court judge.

The indictment charged that the defendant "did ravish and carnally know . . . a female child under the age of sixteen years, by force and against her will."  The evidence is sufficiently summarized in our prior opinion.  It would have permitted the jury to find that the defendant had committed the crime of forcible rape in violation of G. L. c. 265, § 22A; it therefore permitted a finding that he had committed the lesser included crime of statutory rape in violation of G. L. c. 265, § 23.  But the jury could not be required to believe the testimony presented by the Commonwealth, and the judge charged the jury that the victim's consent was "of no consequence."  We held that the resulting doubt as to consent must be resolved in favor of the defendant, and that the verdict therefore must be treated "impliedly as a finding that he

was not guilty of forcible rape under G. L. c. 265, § 22A." *Commonwealth* v. *Franks, supra* at 80.

In resentencing the defendant after remand, the same judge said he had "great difficulty in following the reasoning" of our opinion. He could not, he said, "go through the mental gymnastics of this situation." He then imposed the same sentence he had imposed before, not less than forty nor more than fifty years, to be served from and after the sentence then being served.

We do not think the record fairly justifies apprehension of "vindictiveness" or "retaliatory motivation" in the resentencing, in violation of the principles laid down in *North Carolina* v. *Pearce,* 395 U.S. 711, 723-726 (1969). Nor do we consider whether there was a violation of some broader constitutional principle. Compare *Townsend* v. *Burke,* 334 U.S. 736, 740 (1948) ("facetiousness" in sentencing), and *McHoul* v. *Commonwealth,* 365 Mass. 465, 470-472 (1974), with *Gavin* v. *Commonwealth,* 367 Mass. 331, 339-343 (1975). It is apparent that the judge is unable to comply with our rescript, and we think justice will best be served if the defendant is sentenced again. Cf. *Gilchrest* v. *Commonwealth,* 364 Mass. 278, 281 (1973).

The sentence appealed from is vacated, and the case is remanded to the Superior Court for the resentencing of the defendant by a different judge.

*So ordered.*