NORMAN L. LONGVAL & another *vs.* COMMISSIONER OF CORRECTION & another. October 22, 1985. *Imprisonment*, Earnings of prisoner. *Practice, Criminal*, Sentence. *Constitutional Law*, Equal protection of laws. *Words*, "Life term."

Pursuant to G. L. c. 127, § 48A, as amended through St. 1960, c. 590, the commissioner of correction has set up a system of compensating inmates who perform "good and satisfactory work" in certain work programs. The statute permits the superintendent of any correctional institution to expend on behalf of an inmate "one half of the money so earned by [that] inmate . . .; provided, however, that in the case of an inmate who is a defective delinquent or a sexually dangerous person or who is serving a *life term*, the superintendent may so expend any part or all of such money" (emphasis supplied).

The plaintiffs are inmates of M.C.I., Cedar Junction, with long prison terms which they allege exceed their respective life expectancies. Each was denied access to the whole of his funds, purportedly for the reason that he was not serving a "life term" within the meaning of § 48A. The plaintiffs claim that: (1) the phrase "life term" is not limited to those prisoners who are sentenced to life imprisonment but is broader in scope and applies also to inmates whose aggregate sentences exceed their statistical life expectancies; and (2) the interpretation they suggest is required in order for the statute to be constitutional. We reject both arguments.

1. Contrary to the plaintiffs' contention, we think it plain that an inmate "serving a life term" as used in § 48A, means an inmate who is sentenced to life imprisonment. The following cases support our construction of the plain meaning of the statute and use the terms "life term" and "life sentence" interchangeably. See, e.g., *Commonwealth* v. *Sousa*, 350 Mass. 591, 593 (1966); *Gilchrest* v. *Commonwealth*, 364 Mass. 278, 280 & n.4 (1973); *Devlin* v. *Commissioner of Correction*, 364 Mass. 435, 437 (1973); *Commonwealth* v. *Burnett*, 371 Mass. 13, 16-17 (1976); *Commonwealth* v. *Whipple*, 377 Mass. 709, 710 n.1 (1979); *Commonwealth* v. *McInerney*, 380 Mass. 59, 68 (1980); *Commonwealth* v. *Swift*, 382 Mass. 78, 79-80 (1980); *Commonwealth* v. *Pennellatore*, 392 Mass. 382, 383, 390 (1984). The plaintiffs' attempts to distinguish these authorities are unpersuasive.

2. The argument that the legislative classification as construed in part 1 of this opinion is irrational and hence unconstitutional under the equal protection clause of the United States Constitution is likewise without merit. The Legislature may treat persons with life sentences differently from persons with ascertainable release dates.[1] Thus, the judge correctly declared that neither plaintiff is serving a life term within the meaning of G. L. c. 127, § 48A.

*Judgment affirmed.*

*Stuart T. Rossman* for the plaintiffs.
*William D. Luzier, Jr.*, Assistant Attorney General, for the defendants.

[1] We also note that the commissioner correctly points out that good time "credits" under G. L. c. 127, § 129, may lead to the release of one of the plaintiffs well within the period of his life expectancy.