COMMONWEALTH *vs.* NICHOLAS CAPPARELLI. Nos. 87-917 & 89-P-918. July 30, 1990. *Practice, Criminal,* Disclosure of evidence, Sentence.

The defendant appeals from his convictions on multiple indictments alleging violation of the criminal usury statute, G. L. c. 271, § 49(*a*), and from the denial of his motion for a new trial. Both appeals focus on alleged

---

failures to disclose exculpatory information[1] and to preserve a recorded statement of the defendant.

In denying the motion for a new trial, the judge found: (1) that a recording of a telephone conversation between the defendant and a prosecution witness "was for all practical purposes provided to the defendant well prior to trial"; (2) that a tape recording of a conversation between the defendant and Joseph Bonales was "inadvertently misplaced" and that, in any event, any prejudice to the defendant as a result of the failure to disclose the tape was "impossible to find"; and (3) that certain affidavits executed by the police in support of applications for pen register warrants pursuant to G. L. c. 272, § 99, were devoid of exculpatory material and that the failure to disclose them "resulted in no prejudice to the defendant." The judge concluded: "An evaluation of this case disclosed that the convictions were supported by overwhelming evidence. No manifest injustice was done. The defendant was not deprived of any defense nor of any material tending to exculpate him." Giving these carefully crafted findings the deference to which they are entitled, *Commonwealth v. Lipomi*, 385 Mass. 370, 376 (1982), we find no basis for disturbing the denial of the motion for a new trial. *Commonwealth v. Tobin*, 392 Mass. 604, 619 (1984).

In the appeal from his convictions, the defendant maintains that various prosecutorial violations of Mass.R.Crim.P. 14, 378 Mass. 874 (1979), denied him due process and a fair trial. In addition to repeating the allegations made in support of his new trial motion, he also argues that the prosecution failed to disclose oral statements of Bonales and to reveal the existence of an understanding with him. Bonales was not a witness at the trial, but information provided by him was an integral part of the prosecution's case.

The defendant did not make a specific pretrial request for disclosure of information. See note 1, *supra*. "Thus, the prosecution's duty was limited to the furnishing of evidence in its possession that was obviously supportive of the defendant's innocence. *United States v. Agurs*, 427 U.S. 97, 107 (1976). Any failure in that regard would entitle the defendant to relief only if it would have created at trial a reasonable doubt that did not otherwise exist. *Id.* at 112. *Commonwealth v. Wilson*, 381 Mass. 90, 107 (1980)." *Commonwealth v. Monteiro*, 396 Mass. 123, 129 (1985). Relief under this standard is dependent upon the defendant's demonstrating that he was prejudiced by the withholding of information. *Id.* at 130.

We assume, without deciding, that the undisclosed materials fit the definition of exculpatory information. See *Commonwealth v. Ellison*, 376

---

[1] A pretrial conference report filed pursuant to Mass.R.Crim.P. 11(a)(2)(A), 378 Mass. 863 (1979), obligated the Commonwealth to furnish the defendant with the statements and exculpatory information described in Mass.R.Crim.P. 14(a)(1)(A) and 14(a)(1)(C), 378 Mass. 874 (1979). See *Commonwealth v. Gallarelli*, 399 Mass. 17, 20 (1987).

Mass. 1, 22 (1978). Even had such information been revealed, our review of the trial record indicates that independent proof of the elements of usury under G. L. c. 271, § 49(a), was nevertheless so extensive as to be overwhelming.[2] We conclude, therefore, that any violation of a duty to disclose was harmless beyond a reasonable doubt with respect to the convictions.

The defendant argues that the principle that the Commonwealth must reveal any understanding between it and a key prosecution witness, *Commonwealth* v. *Gilday*, 382 Mass. 166, 175 (1980), should be extended to require disclosure here of any understanding between the Commonwealth and Bonales, an informant but not a witness at trial. However, on the record before us, the defendant's claim of the existence of an understanding between the Commonwealth and Bonales can be established only by speculation. The failure to prosecute Bonales just as readily may have been the result of a unilateral decision by the prosecution as a mutual understanding. Compare *Commonwealth* v. *Lombardo*, 2 Mass. App. Ct. 667, 672 (1974). Even if one assumes both an understanding and a disclosure, one must speculate again as to how, since Bonales did not testify, the defendant could have used that information to create a reasonable doubt that would not have otherwise existed. Such extensive speculation may not serve as a basis for reversal. See *Commonwealth* v. *Monteiro*, *supra* at 129; *Commonwealth* v. *Gregory*, 401 Mass. 437, 443 (1988). In any event, the defendant offers no support for the proposition that an understanding with someone not a witness at the trial must be revealed to the defense.

The Commonwealth also was not obliged to inform the defendant of Bonales's oral statements. While there may be a duty to disclose oral statements of a defendant, *Commonwealth* v. *Lopes*, 25 Mass. App. Ct. 988, 989 (1988), that duty does not extend to a nontestifying informant such as Bonales unless the evidence was exculpatory. "Although representatives of the state may not suppress substantial material evidence, they are under no duty to report sua sponte to the defendant all that they learn about the case and about their witnesses." *In re Imbler*, 60 Cal.2d 554, 569 (1963), quoted in *Commonwealth* v. *Monteiro*, 396 Mass. at 129. It is noteworthy also that the trial testimony was replete with references to Bonales. The defendant had ample opportunity to explore his involvement in the matters before the court and did so in cross-examination of prosecution witnesses. Indeed, the defendant's counsel, in his argument, made several references to Bonales's seemingly mysterious involvement in the case.

During the sentencing hearing, the prosecutor argued that the defendant was associated with organized crime and had obtained the funds for the usurious loans from persons involved in organized crime. These contentions

---

[2]There was testimony from several borrowers that the defendant directly or indirectly participated in at least seven loans to them, annual interest rates for which ranged from 156% to 350%. There was also evidence of interest payment checks being delivered to him.

were supported by the trial evidence, which even included a reference to one of these persons being "Mafia." The undisclosed affidavits contained information indicating that the defendant had had a falling out with at least one of the alleged crime figures before making the loans in question and that some of the money for those loans may have been obtained from Bonales. On the record before us, Bonales's criminal connections, if any, were far more tenuous than those of the alleged organized crime figures with whom the defendant was linked by the trial testimony. The affidavit information, had it been disclosed to the defendant prior to the sentencing hearing, would have supported a counter argument to the prosecutor's representations.

Due process is offended by suppression of evidence material to punishment as well as by suppression of information relating to guilt. *Brady* v. *Maryland*, 373 U.S. 83, 87-88 (1963). As we here hold, the failure to disclose those affidavits did not affect the convictions. It, however, may have influenced the sentencing process. The affidavit information, had it been disclosed, could have been brought to the judge's attention, Mass.R.Crim.P. 28(b), 378 Mass. 898 (1979), and may have offset the suggestion of organized crime involvement in the loans.

Although "it is not a function of [an appellate] court to review an otherwise lawful sentence," *Commonwealth* v. *Franks*, 365 Mass. 74, 81 (1974), the interests of justice sometimes call for a reappraisal of the sentencing considerations. *Gilchrest* v. *Commonwealth*, 364 Mass. 278 (1973). Since only the judge knows the impact, if any, of the prosecutor's allusions to organized crime upon the sentences imposed,[3] a review by him of the sentences in the light of the affidavit information is indicated.

Accordingly, the verdicts are to stand, but we remand the case to the Superior Court for a determination whether the interests of justice warrant resentencing. The order denying the motion for a new trial is affirmed.

*So ordered.*

*Vincent A. Bongiorni* for the defendant.
*William T. Walsh, Jr.,* Assistant District Attorney, for the Commonwealth.

---

[3]The defendant received concurrent sentences to the Massachusetts Correctional Institution at Cedar Junction of not more than ten years and not less than seven years.