COMMONWEALTH *vs.* DAVID W. TUCCERI. No. 90-P-1205. May 15, 1991. Further appellate review granted, 410 Mass. 1103 (1991). *Practice, Criminal,* New trial, Disclosure of evidence, Suppression of evidence by prosecutor. *Due Process of Law,* Disclosure of evidence. *Evidence,* Photograph, Relevancy and materiality.

The defendant was convicted of two counts of forcible rape (G. L. c. 265, § 22); kidnapping (G. L. c. 265, § 26); unarmed robbery (G. L. c. 265, § 19); mayhem (G. L. c. 265, § 14); and assault and battery (G. L. c. 265, § 13A) by a jury in the Superior Court.[1] Some ten and one-half years later, he filed a motion for a new trial on the ground that the Commonwealth had failed to disclose material, exculpatory evidence. A judge in the Superior Court, who was not the trial judge, allowed the motion for a new trial. On the Commonwealth's appeal, we affirm.

In this case, the defendant filed a motion for the production of all exculpatory evidence and a motion for inspection of all books, papers, documents, and tangible objects in the possession of the Commonwealth. Both motions were allowed by the court. The Commonwealth did not prior to, or during, the trial disclose to the defendant a photograph which clearly depicted him with a moustache and which was taken by the police within two hours of the incident. This was so, even though at a suppression hearing on the identification of the defendant as the assailant, the victim and another identifying witness did not describe him as having a moustache and, at the trial, the victim testified four times that her attacker was clean shaven and the other eyewitness testified that the man whom he had seen face-to-face had no moustache.

---

[1]The defendant received a sentence of thirty-five to forty-five years on one of the rape counts and concurrent sentences of nine to ten years on the kidnapping conviction, fifteen to twenty years on the unarmed robbery conviction, and thirty-five to forty-five years on the other rape conviction. The judge placed the assault and battery charge on file and imposed a suspended sentence of eighteen to twenty years on the mayhem conviction with a probationary term of five years to commence from and after the prior sentences.

Where a defendant claims a new trial based on a failure to disclose ex-culpatory evidence, the defendant bears the burden of demonstrating that the evidence was exculpatory and material and that the withholding of the evidence prejudiced the defendant. *Commonwealth* v. *Pisa*, 372 Mass. 590, 594-595 (1977). See *Commonwealth* v. *Gallarelli*, 399 Mass. 17, 20 (1987). The Commonwealth rightfully concedes that the photograph de-picting the defendant with a moustache was exculpatory. Exculpatory evi-dence includes evidence "which provides some significant aid to the de-fendant's case, whether it furnishes corroboration of the defendant's story, calls into question a material, although not indispensable, element of the prosecution's version of the events, or challenges the credibility of a key prosecution witness." *Commonwealth* v. *Ellison*, 376 Mass. 1, 22 (1978). *Commonwealth* v. *Gregory*, 401 Mass. 437, 442 (1988).

The question then becomes whether the evidence was material. Where, as in this case, there is only a general request for exculpatory evidence, material evidence is that evidence which on a consideration of the entire record creates a reasonable doubt that did not otherwise exist. *United States* v. *Agurs*, 427 U.S. 97, 112 (1976). *Commonwealth* v. *Wilson*, 381 Mass. 90, 107 (1980). *Commonwealth* v. *Gallarelli*, 399 Mass. at 21. Viewed in the light most favorable to the defendant, *Commonwealth* v. *Wilson*, 381 Mass. at 110, the photograph was valuable to his defense both as evidence that he was not the attacker and as evidence impeaching the testimony of the principal witnesses against him. Both of these witnesses positively and unanimously testified that the attacker had no moustache. Otherwise, their description of the attacker — a heavy white male about six feet tall, dark hair, wearing a green T-shirt with a pocket and dirty blue jeans with a leather belt which had a large rectangular brass buckle — matched the description of the defendant. At the trial, they identified the defendant as the assailant and testified to their out-of-court identifica-tion of him. The Commonwealth also introduced evidence that the green T-shirt worn by the defendant on the night of his arrest had blood and semen on it, that a heel from the defendant's boot was found not far from the scene of the crime, and that the defendant was seen running toward a green van which was registered to him. The defendant did not take the stand, but he presented evidence from two alibi witnesses that he was working on his van outside his house at about the time the incident would have occurred. The defendant's wife also testified that at the time of this incident the defendant had a moustache and that the blood on his T-shirt was caused by a cut on the defendant's finger and the semen, by inter-course between her husband and herself.

In sum, based on this evidence, we cannot say that if the photograph had been introduced it would not have created a reasonable doubt as to the guilt of the defendant. *Commonwealth* v. *Vieira*, 401 Mass. 828, 832 (1988). *Commonwealth* v. *Capparelli*, 29 Mass. App. Ct. 926, 927 (1990).

Likewise, we determine that the defendant was prejudiced by the withholding of this photograph. Since the only evidence that the defendant possessed a moustache came from his wife, a "more credible defense would have been available" if the defendant could have introduced a photograph from police files showing that he had a moustache on the day of the offense. *Commonwealth* v. *Vieira*, 401 Mass. at 836.

We conclude that the judge did not abuse his discretion or commit an error of law in ordering a new trial. *Commonwealth* v. *Gagliardi*, 21 Mass. App. Ct. 439, 449 (1986).

> *Order allowing motion for a new*
> *trial affirmed.*

*Patricia M. Darrigo*, Assistant District Attorney, for the Commonwealth.

*Greta A. Janusz* for the defendant.